JAAZANIAH ASAHGUII, P.C.
ATTORNEY FOR PLAINTIFFS
1133 WESTCHESTER AVENUE, SUITE N-202
DIRECT DIAL: (914) 831-6255
FAX: (914) 288-0850

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
RAFAEL BUENO, DAVID RIVERA, VIERI MOLINA,              INDEX NO.
DESTINY DOMINGUEZ, AMADA REYNOSO, JANE DOE I-X,
JOHN DOE I-X,
                                                       **COMPLAINT**

PLAINTIFFS,

-AGAINST-

ALLCITY MEDICAL, P.C., ALLA B. BUZINOVER, M.D.,
HISPANIC MEDICAL HEALTH, P.C., K. ZARK MEDICAL, P.C.,
KONSTANTINOS ZARKADAS, AND YAN FELDMAN,

DEFENDANTS.
------------------------------------------------------------------------X

Plaintiffs RAFAEL BUENO, DAVID RIVERA, VIERI MOLINA, DESTINY DOMINGUEZ, AMADA REYNOSO (collectively "Plaintiffs") by their attorneys, MURTAGH, COSSU, VENDITTI & CASTRO-BLANCO, LLP, as and for their Complaint against ALLCITY, P.C., ALLA B. BUZINOVER, M.D., HISPANIC MEDICAL HEALTH, P.C., K. ZARK MEDICAL, P.C., KONSTANTINOS ZARKADAS, AND YAN FELDMAN (collectively "Defendants") allege as follows:

NATURE OF THE CASE

1.    Plaintiffs bring this action pursuant to the Fair Labor Standards Act (the "FLSA") §§ 201, *et seq.*, New York Labor Law (the "NYLL"), §§ 190, *et seq.*, §§ 650, *et seq.*, NYLL §§ 198 (1-a), 663(1) and 12 NYCRR §§ 137-1.3, 142-2.2 and 146-1.4 and seek equitable and monetary relief to redress the injuries they have suffered as a result of Defendants' failure to pay Plaintiffs wages for all hours worked and overtime compensation.

2. Plaintiffs allege that pursuant to the FLSA, they are entitled to recover from Defendants: (1) unpaid wages; (2) unpaid overtime wages; (3) liquidated damages; (4) retaliation; (5) prejudgment and post-judgment interest, and (6) attorney's fees and costs.

3. Plaintiffs further allege that pursuant to NYLL, they are entitled to recover from Defendants: (1) unpaid wages; (2) unpaid overtime wages; (3) damages for retaliation; (4) lack of written notice and/or acknowledgement of the overtime worked by Plaintiffs (5) liquidated damages and civil penalties; (6) prejudgment and post-judgment interests, and (7) attorney's fees and costs.

4. As particularized below, Defendants have engaged in illegal and improper wage practices that have deprived Plaintiffs of substantial amounts in wages and overtime compensation. These practices include, but are not limited to: (a) regularly paying Plaintiffs days or weeks late; (b) regularly giving employees checks that bounce; (c) requesting Plaintiffs to work overtime without paying any overtime (d) demanding Plaintiffs work when they weren't being paid; (e) demanding Plaintiffs work without pay when Defendants closed the office; (f) threatening Plaintiffs with retaliation if they filed for unemployment during the times the Defendants' office was closed; (g) failing to disclose to employees their right to collect unemployment insurance because Defendants did not pay contributions on all wages to the unemployment insurance fund. Each Plaintiff who worked overtime is entitled to such overtime for all hours worked over 40 hours per week for the time period of three years prior as it pertains to FLSA and/or six years prior as it pertains to NYLL and NYCRR.

JURISDICTION AND VENUE

5. Jurisdiction of this Court is proper under, 28 U.S.C. § 1331 and 1341, as this action involves federal questions regarding the deprivation of Plaintiffs rights to receive wages owed to them under the Fair Labor Standards Act.

6. This Court has supplemental jurisdiction over Plaintiffs' related claims under state and/or local law pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-(5)(f)(3) because the unlawful wage practices Plaintiffs experienced were in this district, the employment records relevant to the unlawful employment practices are maintained and administered in this district, and Defendants' offices are located in this district.

PARTIES

8. Plaintiff RAFAEL BUENO is a resident of Orange County and had been employed by Defendants on a full-time basis from November 2019 to December of 2021.

9. At all relevant times, Plaintiff RAFAEL BUENO is a covered employee within the meaning of the Fair Labor Standards Act (the "FLSA") 29 U.S.C. §§ 201 *et seq.*, New York Labor Law ("NYLL") §§ 652, 663, and implementing regulations including but not limited to New York Codes, Rules and Regulations ("NYCRR") part 142, and the common laws of the State of New York.

10. Plaintiff DAVID RIVERA is a resident of Orange County, New York and had been employed by Defendants from November 2019 to December of 2021.

11. At all relevant times, Plaintiff DAVID RIVERA is a covered employee within the meaning of the FLSA, NYLL §§ 652, 663 and implementing regulations including but not limited to NYCRR part 142 and the common laws of the State of New York.

12. Plaintiff VIERI MOLINA is a resident of New York County and had been employed by Defendants on a full-time basis from November 2019 to December of 2021.

13. At all relevant times, Plaintiff VIERI MOLINA is a covered employee within the meaning of the FLSA, NYLL §§ 652, 663 and implementing regulations including but not limited to NYCRR part 142 and the common laws of the State of New York.

14. Plaintiff AMADA REYNOSO is a resident of New York County and had been employed by Defendants on a full-time basis from November 2019 to December of 2021.

15. At all relevant times, Plaintiff AMADA REYNOSO is a covered employee within the meaning of the FLSA, NYLL §§ 652, 663 and implementing regulations including but not limited to NYCRR part 142 and the common laws of the State of New York.

16. Plaintiff DESTINY DOMINGUEZ is a resident of New York County and had been employed by Defendants on a full-time basis from November 2019 to December of 2021.

17. At all relevant times, Plaintiff DESTINY DOMINGUEZ is a covered employee within the meaning of the FLSA, NYLL §§ 652, 663 and implementing regulations including but not limited to NYCRR part 142 and the common laws of the State of New York.

18. Defendant ALLCITY MEDICAL, P.C., is a New York corporation with a registered address at 2814 Clarendon Road, Brooklyn, New York, 11226 and conducts business in the County of New York in the State of New York.

19. Defendant ALLA B. BUZINOVER, M.D. is an employer with an address in Kings County in the State of New York, and conducts business in the County of New York in the State of New York.

20. Defendant HISPANIC MEDICAL HEALTH, P.C. is an employer with an address of P.O. Box 5549, Astoria, NY 11105 and conducts business in the County of New York in the State of New York.

21. Defendant K. ZARK MEDICAL, P.C. is an employer with an address of P.O. Box 5549, Astoria, NY 11105 and conducts business in the County of New York in the State of New York.

22. Defendant KONSTANTINOS ZARKADAS is an employer with an address in the County of Nassau and conducts business in the County of New York in the State of New York.

23. Defendant YAN FELDMAN is an employer with an address of 332 E 14th Street, New York, NY 10003 and conducts business in the State of New York.

24. At all relevant times, Defendants were the employers of Plaintiffs within the meaning of the FLSA, NYLL §§ 652, 663 and implementing regulations including but not limited to NYCRR part 142 and the common laws of the State of New York.

25. Defendants are Medical Directors and medical practice owners, whether legitimately owned and/or operated or illegitimately owned and/or operated, throughout the New York Metropolitan Area.

26. At all relevant times herein and upon information and belief, Defendants exercised control over the terms and conditions of Plaintiffs' employment, including the (i) control of day-to-day operations; (ii) the power to hire and fire employees; (iii) supervision and control of employees; and (v) the maintenance of employment records.

STATEMENT OF FACTS

27.     Plaintiffs VIERI MOLINA, DESTINY DOMINGUEZ, and AMADA REYNOSO were employed as receptionists and medical assistance by Defendants from 2019 to December of 2021.

28.     Defendants did not pay Plaintiffs VIERI MOLINA, DESTINY DOMINGUEZ, and AMADA REYNOSO on their designated paydays.

29.     Instead, Defendants made Plaintiffs VIERI MOLINA, DESTINY DOMINGUEZ, and AMADA REYNOSO wait days and even weeks for paychecks.

30.     Additionally, Defendants' checks to Plaintiffs VIERI MOLINA, DESTINY DOMINGUEZ, and AMADA REYNOSO, did not clear so often that bank employees at the local bank stopped accepting checks issued by Defendants.

31.     In October of 2019, Plaintiff RAFAEL BUENO signed a contract titled "Physician Assistant Employment Agreement Between K. Zark Medical P.C./Hispanic Medical Health, P.C. and AllCity Medical, P.C. and Rafael Bueno, P.A."

32.     In October of 2019, Plaintiff DAVID RIVERA signed a contract titled "Physician Assistant Employment Agreement Between K. Zark Medical P.C./Hispanic Medical Health, P.C. and AllCity Medical, P.C. and David Rivera, P.A."

33.     Defendant KONSTANTINOS ZARKADAS held himself out as the owner and the sole owner.

34.     Defendant KONSTANTINOS ZARKADAS by and through his medical practices, Defendants ALL CITY MEDICAL, P.C., HISPANIC MEDICAL HEALTH, P.C., and K. ZARK MEDICAL, P.C., held total control over Plaintiffs RAFAEL BUENO and DAVID RIVERA's schedule, including days and times worked, work location, and vacation time.

35. Throughout their employment with Defendants RAFAEL BUENO and DAVID RIVERA worked as a Physician Assistants who were under the supervision of Defendant KONSTANTINOS ZARKADAS.

36. As a Physician Assistant, Plaintiff RAFAEL BUENO cannot see patients without a supervising Physician.

37. On or about November 12, 2021, Defendant KONSTANTINOS ZARKADAS entered a plea of guilty to violations of 18 U.S.C. § 1040 and § 1343 in a matter captioned *United States of America v. Zarkadas, M.D.*, 21-cr-00363 (GRB).

38. On or about December 21, 2021, Plaintiff RAFAEL BUENO met with Defendants to advise him that he could no longer work under Defendant KONSTANTINOS ZARKADAS because he committed a crime of moral turpitude, which will most likely result in him no longer being a New York Licensed Physician and because he could no longer work without being paid for work performed.

39. On or about January 13, 2022, in an effort to preserve his medical practice Defendant KONSTANTINOS ZARKADAS threatened to sue Plaintiffs RAFAEL BUENO and DAVID RIVERA if they practiced medicine for any other medical practice other than K. ZARK MEDICAL P.C., HISPANIC MEDICAL HEALTH, P.C., OR ALLCITY MEDICAL, P.C.

40. Additionally, Defendant YAN FELDMAN who holds himself out to be the Senior Practice Director of 14 Street Medical, P.C., said to Plaintiffs RAFAEL BUENO and DAVID RIVERA that because he bankrolled Defendant KOSTANTINOS ZARKADAS and his practices, Plaintiff RAFAEL BUENO and DAVID RIVERA had to accept a pay cut and continue working for Defendants ALLCITY MEDICAL, K. ZARK MEDICAL, P.C., or HISPANIC MEDICAL HEALTH, P.C., or he would

sue Plaintiff RAFAEL BUENO and DAVID RIVERA for having Defendant KONSTANTINOS ZARKADAS removed from the Health Maintenance Organization ("HMO") capitation panels for inadequate medical notes.

41. Defendant YAN FELDMAN failed to acknowledge that the reason Defendant KONSTANTINOS ZARKADAS was removed from the HMO capitation panels was due to the fact that Defendant KONSTANTINOS ZARKADAS was convicted of violations to 18 U.S.C. § 1040 and 1343.

42. Defendant YAN FELDMAN was one of the former employers of Plaintiffs RAFAEL BUENO and DAVID RIVERA by his own admission.

43. Defendant ALLA B. BUZINOVER, also held herself out to be an employer and supervising physician to Plaintiffs RAFAEL BUENO and DAVID RIVERA.

44. Defendants KONSTANTINOS ZARKADAS and YAN FELDMAN, having no standing to act as supervising physicians for Plaintiffs RAFAEL BUENO and DAVID RIVERA, claimed to have replaced themselves with Defendant ALLA B. BUZINOVER, as an owner, operator, and employer.

45. On or about December 1, 2021, Plaintiff RAFAEL BUENO continued to work without payment for his services.

46. On or about December 29, 2021, Defendants closed their doors.

47. Defendants demanded that Plaintiffs not file for unemployment despite not being paid for more than a whole pay period prior.

48. Plaintiffs attempted to apply for unemployment but were denied because of Defendants failure to contribute to unemployment insurance.

49. Upon information and belief, Defendants have not reopened their doors.

### AS AND FOR PLAINTIFFS FIRST CAUSE OF ACTION
### (VIOLATION OF THE FAIR LABOR STANDARDS ACT: WAGE COMPENSATION)

50. Plaintiffs hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs.

51. Plaintiffs are entitled to liquidated damages for all wages that were paid late as provided by the FLSA.

52. At all relevant times herein, Defendants had a policy and practice of refusing to pay Plaintiffs wages for all hours worked, and overtime compensation at time and one-half (1.5) Plaintiffs' regular rate of pay (or the statutory minimum wage) for all hours worked in excess of forty hours per work week.

53. At all relevant times herein, Defendants refused to pay Plaintiffs on time and even made Plaintiffs wait a month for wages earned.

54. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs lawful wages and overtime compensation, for all hours worked, when Defendants knew or should have known such was due and that nonpayment of such would financially injure Plaintiffs.

55. Upon information and belief Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of FLSA, 29 U.S.C. §§ 211 (c) and 215 (a).

56. Upon information and belief, records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to each of them are in the possession and custody of Defendants.

57. Upon information and belief, Defendants failed to properly disclose or advise Plaintiffs of their rights under the FLSA.

58. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FSLA.

59. Due to the knowing, intentional, willful and unlawful acts of Defendant, Plaintiff RAFAEL BUENO suffered damages for late wages, unpaid wages, liquidated damages, attorneys' fees, costs, and prejudgment and post judgment interest in an amount to be determined at trial but believed to be, at a minimum, $800,000.00.

60. Due to the knowing, intentional, willful and unlawful acts of Defendants, Plaintiff DAVID RIVERA suffered damages for late wages, unpaid wages, liquidated damages, attorneys' fees, costs, and prejudgment and post judgment interest in an amount to be determined at trial but believed to be, at a minimum, $300,000.00.

61. Due to the knowing intentional, willful and unlawful acts of Defendants, Plaintiff VIERI MOLINA suffered damages for late wages, unpaid wages, liquidated damages, attorneys' fees, costs, and prejudgment and post judgment interest in an amount to be determined at trial but believed to be, at a minimum, $150,000.00.

62. Due to the knowing intentional, willful and unlawful acts of Defendants, Plaintiff DESTINY DOMINGUEZ suffered damages for late wages, unpaid wages, liquidated damages, attorneys' fees, costs, and prejudgment and post judgment interest in an amount to be determined at trial but believed to be, at a minimum, $150,000.00.

63. Due to the knowing, intentional, willful and unlawful acts of Defendants, Plaintiff AMADA REYNOSO suffered damages for late wages, unpaid wages, liquidated damages, attorneys'

fees, costs, and prejudgment and post judgment interest in an amount to be determined at trial but believed to be, at a minimum, $150,000.00.

### AS AND FOR PLAINTIFFS' SECOND CAUSE OF ACTION
### (VIOLATION OF NEW YORK LABOR LAW: FREQUENCY OF PAYMENTS, WAGE AND OVERTIME)

64. Plaintiffs hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs.

65. At all relevant times, Plaintiffs had been employees of Defendants, and Defendants had been an employer of Plaintiffs within the meaning of the NYLL and the supporting NYCCR.

66. Plaintiffs at times worked more than forty (40) hours a week for Defendants.

67. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay overtime compensation (at the rate of one and one-half times the regular rate of pay) that Plaintiffs were entitled to receive under the NYLL and the supporting NYCRR.

68. Defendants paid Plaintiffs late every pay period by more than a day and at times up to a month.

69. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs in compliance with NYLL's frequency of pay requirement.

70. Due to Defendants' violation of the NYLL, Plaintiff RAFAEL BUENO suffered damages for late wages, unpaid wages, liquidated damages, attorneys' fees, costs, and prejudgment and post judgment interest in an amount to be determined at trial but believed to be, at a minimum, $800,000.00.

71. Due to Defendants' violation of the NYLL, Plaintiff DAVID RIVERA suffered damages for late wages, unpaid wages, liquidated damages, attorneys' fees, costs, and prejudgment

and post judgment interest in an amount to be determined at trial but believed to be, at a minimum, $300,000.00.

72.     Due to Defendants' violation of the NYLL, Plaintiff VIERI MOLINA suffered damages for late wages, unpaid wages, liquidated damages, attorneys' fees, costs, and prejudgment and post judgment interest in an amount to be determined at trial but believed to be, at a minimum, $150,000.00.

73.     Due to Defendants' violation of the NYLL, Plaintiff DESTINY DOMINGUEZ suffered damages for late wages, unpaid wages, liquidated damages, attorneys' fees, costs, and prejudgment and post judgment interest in an amount to be determined at trial but believed to be, at a minimum, $150,000.00.

74.     Due to Defendants' violation of the NYLL, Plaintiff AMADA REYNOSO suffered damages for late wages, unpaid wages, liquidated damages, attorneys' fees, costs, and prejudgment and post judgment interest in an amount to be determined at trial but believed to be, at a minimum, $150,000.00.

### AS AND FOR PLAINTIFFS' THIRD CAUSE OF ACTION
### (VIOLATION OF THE NYLL: NOTICE AND RECORD-KEEPING REQUIREMENTS)

75.     Plaintiffs hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs.

76.     Defendants knowingly and willfully failed to supply Plaintiffs with accurate wage notices and wage statements, as required by NYLL, Article 6, § 195 (3).

77.     Through Defendants' knowing or intentional failure to provide Plaintiffs with accurate wage notices and wage statements required by the NYLL, Defendants willfully violated

NYLL, Article 6, §§ 190 *et seq.*, and the supporting NYCRR.

78. Due to Defendants' willful violations of NYLL, Article 6, § 195, each Plaintiff is entitled to statutory penalties of Two Hundred Fifty ($250.00) dollars for each workday that Defendants failed to provide each Plaintiff with accurate wage notices up to Five Thousand ($5,000.00) dollars, and an additional statutory penalty of Two Hundred Fifty ($250.00) dollars for each workday that Defendants failed to provide each Plaintiff with and accurate wage statements up to Five Thousand ($5,000.00), or a total of Ten thousand ($10,000.00) dollars for each Plaintiff, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198.

### AS AND FOR PLAINTIFFS' FOURTH CAUSE OF ACTION
### (UNJUST ENRICHMENT)

79. Plaintiffs hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs.

80. Defendants employed Plaintiffs as aforesaid knowing and understanding that Plaintiffs expected to be compensated for their work, labor and services.

81. As set forth herein, Defendants engaged in a wrongful pattern and practice, and deprived Plaintiffs of their wages and overtime compensation.

82. Defendants greatly profited and was enriched by Plaintiffs' work, labor and services without compensating Plaintiffs as aforesaid.

83. Defendants did not paid Plaintiffs' wages in December 2021, Defendants benefited from work, labor and services performed by Plaintiffs, without compensating Plaintiffs.

84. By reason of the foregoing, Plaintiffs have been damaged by Defendants' unjust enrichment and are entitled to, and seeks to, recover the reasonable value of their work, labor and services from Defendants, in an amount to be determined at trial.

85. Under such circumstances, it would be unfair and would unjustly enrich Defendants to retain the benefits of Plaintiffs' hard labors without compensating Plaintiffs for their hard labors.

### AS AND FOR PLAINTIFFS' FOURTH CAUSE OF ACTION
### (UNJUST ENRICHMENT)

86. Plaintiffs RAFAEL BUENO and DAVID RIVERA hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs.

87. That Defendants through its verbal and written agreement with Plaintiffs RAFAEL BUENO and DAVID RIVERA agreed to pay Plaintiffs as employees for their work, labor and services.

88. Plaintiffs RAFAEL BUENO and DAVID RIVERA performed all his obligations under the oral agreement.

89. Defendants by not paying Plaintiffs RAFAEL BUENO and DAVID RIVERA breached the oral and written agreement.

90. As a result, Plaintiffs RAFAEL BUENO and DAVID RIVERA suffered substantial monetary damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief:

a. As for Plaintiffs' First Cause of Action: an award of unpaid wages, overtime compensation, late wages and liquidated damages pursuant to 29 U.S.C. § 216, due under the FLSA;

b. As for Plaintiffs' Second Cause of Action: an award of unpaid wages, overtime

compensation, late wages and liquidated damages pursuant to NYLL, plus interest;

c. As for Plaintiffs' Third Cause of Action: an award for Defendants' failure to supply PLAINTIFFS with wage notices, as provided by NYLL, Article 6, § 198;

d. As for Plaintiffs' Fourth Cause of Action: an award for Defendants' failure to Plaintiffs for wages earned, as provided by NYLL, Article 6, § 198;

e. As for Plaintiffs' Fifth Cause of Action: a monetary judgment against Defendants';

f. Attorney's fees and costs; and

g. Such other relief as this Court deems just, proper, and equitable.

Dated:   March 15, 2022
         White Plains, New York

Respectfully Submitted,

Jaazaniah Asahguii, Esq.
1133 Westchester Avenue, Suite N-202
White Plains, NY 10604
914-831-6255
*Attorney for Plaintiffs*