UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL BUENO, DAVID RIVERA, VIERI
MOLINA, DESTINY DOMINGUEZ, AMADA
REYNOSO, VANESA WILLIAMS, YASMIN
NUNEZ, NANCY SANTOS, EVELYN JACO, JANE
DOE I-X, and JOHN DOE I-X,

                         Plaintiffs,

      -against-

ALLCITY MEDICAL, P.C., ALLA B. BUZINOVER,
M.D., HISPANIC MEDICAL HEALTH, P.C., K.
ZARK MEDICAL, P.C., KONSTANTINOS
ZARKADAS, M.D. and YAN FELDMAN,

                         Defendants.

**SECOND**
**AMENDED COMPLAINT**

**Docket No.:**
22-cv-02216 (PAE)(KHP)

Jury Trial Demanded

       Plaintiffs RAFAEL BUENO, DAVID RIVERA, VIERI MOLINA, DESTINY

DOMINGUEZ, AMADA REYNOSO, VANESA WILLIAMS, YASMIN NUNEZ, NANCY

SANTOS, and EVELYN JACO, (collectively "Plaintiffs") by and through their attorneys,

BORRELLI & ASSOCIATES, P.L.L.C., as and for their Second Amended Complaint against

ALLCITY MEDICAL, P.C. ("Allcity Medical"), ALLA B. BUZINOVER, M.D., individually,

HISPANIC MEDICAL HEALTH, P.C. ("Hispanic Medical"), K. ZARK MEDICAL, P.C. ("Zark

Medical"), KONSTANTINOS ZARKADAS, M.D., individually, and YAN FELDMAN,

individually, (collectively "Defendants") allege upon knowledge as to themselves and their own

actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

      1.     This is a civil action for damages and equitable relief based upon violations that

Defendants committed of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the NYLL's requirement that employers pay their manual worker employees not less frequently than on a weekly basis, NYLL § 191(1)(a); (iv) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (v) the NYLL's requirement that employers provide their employees with, upon hiring, and in writing, specific categories of accurate information, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiffs worked for Defendants - - three different New York professional corporations that operate as a single enterprise to run medical offices in New York City and Long Island, from at least as far back as October 2018 to December 2021.  As described below, from October 2018 until the end of their employment in December 2021 ("the Relevant Period"), Defendants willfully failed to pay Plaintiffs the wages lawfully due to them under the FLSA and the NYLL.  Specifically, during the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did in fact work, an average of forty hours per week or on occasion in excess of forty hours per week each week, yet Defendants consistently failed to pay Plaintiffs on a timely basis.

3.      Additionally, Defendants violated the NYLL by failing to provide Plaintiffs with accurate wage statements on each payday.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

6.      At all times during the Relevant Period, Plaintiffs worked for Defendants in New York and were "employee[s]" entitled to the protections of the FLSA, the NYLL, and the NYCRR.

7.      At all relevant times herein, Allcity Medical was and is a New York professional corporation with a principal place of business located at 2814 Clarendon Road, Brooklyn, New York 11226.

8.      At all relevant times herein, Defendants Alla B. Buzinover, M.D., Konstantinos Zarkadas, M.D. and Yan Feldman were and are the owners of Allcity Medical.  While Konstantinos Zarkadas, M.D., was the onsite manager.  In their respective capacities, Defendants Alla B. Buzinover, M.D., Konstantinos Zarkadas, M.D., Yan Feldman personally managed and oversaw the day-to-day operations of Allcity Medical and were ultimately, together, responsible for all matters with respect to determining employees' rates, methods of pay, and hours worked. Furthermore, Defendants Alla B. Buzinover, M.D., Konstantinos Zarkadas, M.D. and Yan Feldman had the power to hire and fire and approve all personnel decisions with respect to Allcity Medical's employees.  Defendants Alla B. Buzinover, M.D., Konstantinos Zarkadas, M.D., and Yan Feldman were responsible for paying Defendants' employees their bi-weekly wages, including Plaintiffs.  They also were all responsible for maintaining employment records for all of Allcity Medical's employees, including Plaintiffs.

9.      At all relevant times herein, Zark Medical was and is a New York professional corporation with a principal place of business located at 575 W. 161 Street, Suite 1, New York, New York 10032.

10.      At all relevant times herein, Defendant Konstantinos Zarkadas, M.D. was and is the owner of Zark Medical.  Konstantinos Zarkadas, M.D., was the onsite manager.  In his respective capacity, Defendant Konstantinos Zarkadas, M.D. personally managed and oversaw the day-to-day operations of Zark Medical and was ultimately responsible for all matters with respect to determining employees' rates, methods of pay, and hours worked.  Furthermore, Defendant Konstantinos Zarkadas, M.D. had the power to hire and fire and approve all personnel decisions with respect to Zark Medical's employees.  Defendant Konstantinos Zarkadas, M.D. was responsible for paying Defendants' employees their bi-weekly wages, including Plaintiffs.  They also were all responsible for maintaining employment records for all of Zark Medical's employees, including Plaintiffs.

11.      At all relevant times herein, Hispanic Medical was and is a New York professional corporation with a principal place of business located at 5041 Broadway Avenue, New York, New York 10034.

12.      At all relevant times herein, Defendant Konstantinos Zarkadas, M.D. was and is the owner of Hispanic Medical.  Konstantinos Zarkadas, M.D., was the onsite manager.  In his respective capacity, Defendant Konstantinos Zarkadas, M.D. personally managed and oversaw the day-to-day operations of Hispanic Medical and was ultimately responsible for all matters with respect to determining employees' rates, methods of pay, and hours worked.  Furthermore, Defendant Konstantinos Zarkadas, M.D. had the power to hire and fire and approve all personnel decisions with respect to Hispanic Medical's employees.  Defendant Konstantinos Zarkadas, M.D.

4

was responsible for paying Defendants' employees their bi-weekly wages, including Plaintiffs. They also were all responsible for maintaining employment records for all of Hispanic Medical's employees, including Plaintiffs.

13.     At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL.  Additionally, at all times relevant to the FLSA, Defendants Allcity Medical, Zark Medical, and Hispanic Medical's qualifying annual business exceeded and exceeds $500,000.00, and Defendants Allcity Medical, Zark Medical, and Hispanic Medical were and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees and is a medical offices that services patients from out-of-state, obtains and uses supplies in the course of its business that originate from outside of New York, such as medical instruments and equipment, cleaning supplies, and accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies as well as cash that naturally moves across state lines, the combination of which subjects Defendants Allcity Medical, Zark Medical, and Hispanic Medical to the FLSA's overtime requirements as an enterprise.

## **BACKGROUND FACTS**

14.     Defendant Allcity Medical is a New York professional corporation that operates medical offices at 2814 Clarendon Road, Brooklyn, New York 11226, 345 W. 145th Street, New York, New York 10031, 575 W. 161 Street, Suite 1, New York, New York 10032, 5041 Broadway Avenue, New York, New York 10034, 1 Walnut Road, Glen Cove, New York 11542.

15.     Defendant Zark Medical is a New York professional corporation that operates medical offices at 2814 Clarendon Road, Brooklyn, New York 11226, 345 W. 145th Street, New York, New York 10031, 575 W. 161 Street, Suite 1, New York, New York 10032, 5041 Broadway Avenue, New York, New York 10034, 1 Walnut Road, Glen Cove, New York 11542.

16.     Defendant Hispanic Medical is a New York professional corporation that operates medical offices at 2814 Clarendon Road, Brooklyn, New York 11226, 345 W. 145th Street, New York, New York 10031, 575 W. 161 Street, Suite 1, New York, New York 10032, 5041 Broadway Avenue, New York, New York 10034, 1 Walnut Road, Glen Cove, New York 11542.

17.     At all relevant times, Defendant Konstantinos Zarkadas, M.D., was the on-site manager, who managed and operated the medical offices on a day-to-day basis on behalf of Defendants.

18.     At all relevant times, Defendants Alla B. Buzinover, M.D. and Yan Feldman, were off-site managers, who had the power to hire and fire, determine employees' rates, methods of pay, and hours worked.

19.     Plaintiffs Rafael Bueno and David Rivera are residents of Orange County and had been employed by Defendants on a full-time basis from November 2019 to December 2021.

20.     Plaintiffs Rafael Bueno and David Rivera primarily worked at Defendants' New York City based medical offices.

21.     On October 17, 2019, Plaintiff Rafael Bueno signed a contract titled "Physician Assistant Employment Agreement Between K. Zark Medical P.C./Hispanic Medical Health, P.C. and AllCity Medical, P.C. and Rafael Bueno, P.A." ("Bueno Agreement").

22.     Also, October 17, 2019, Plaintiff David Rivera signed a contract titled "Physician Assistant Employment Agreement Between K. Zark Medical P.C./Hispanic Medical Health, P.C. and AllCity Medical, P.C. and David Rivera, P.A." ("Rivera Agreement").

23.     On October 17, 2019, Defendant Konstantinos Zarkadas, M.D. signed the Bueno and Rivera Agreements on behalf of Defendants Zark Medical and Hispanic Medical.

24.     Although Allcity Medical was listed as a party to the Bueno and Rivera Agreements, the signature line for Allcity Medical was not executed and no one held themselves out as an owner or representative of Allcity Medical to Plaintiffs Rafael Bueno or David Rivera.

25.     From November 2019 until the end of their employment in December 2021, Defendants paid Plaintiffs Rafael Bueno and David Rivera late each pay period, except for their final pay period for which they were not paid at all.

26.     Upon Plaintiffs Rafael Bueno and David Rivera's hire, Defendants failed to provide Plaintiffs Rafael Bueno and David Rivera with wage notices that accurately listed, among other things, their rate of pay and the employers' official names and addresses.

27.     On each occasion when Defendants paid Plaintiffs Rafael Bueno and David Rivera, Defendants failed to provide Plaintiff with a wage statement that accurately listed, among other things, the employers' names and addresses, their rates of pay, and gross wages.

28.     Throughout their employment, Plaintiffs Rafael Bueno and David Rivera received paychecks listing their employer as Zark Medical, Hispanic Medical, or Allcity Medical.

29.     Plaintiffs Rafael Bueno and David Rivera worked as Physician Assistants for the benefit of Defendants.

30.     Throughout their employment, Plaintiffs Rafael Bueno and David Rivera complained several times to Defendants about not being paid on time or not being paid at all.

31.     On December 21, 2021, Plaintiff Rafael Bueno met with Defendant Konstantinos Zarkadas, M.D., to advise him that he could no longer work for Defendants if he is not going to be paid.

32.     Also, on this occasion Plaintiff Rafael Bueno said that he would not be able to work under the supervision of Defendant Konstantinos Zarkadas because he committed a crime of moral turpitude, which will most likely result in him no longer being a New York State Licensed Physician.[1]

33.     On or about January 13, 2022, Defendant Konstantinos Zarkadas threatened to sue Plaintiffs Rafael Bueno and David Rivera if they practiced medicine for any other medical practice other than Defendants Zark Medical, Hispanic Medical Health, or AllCity Medical.

34.     Additionally, Defendant Yan Feldman, said to Plaintiffs Rafael Bueno and David Rivera that because he built AllCity Medical and kept it running, Plaintiffs Rafael Bueno and David Rivera had to accept pay cuts and continue working for Defendants or he would sue Plaintiffs Rafael Bueno and David Rivera for having Defendant Konstantinos Zarkadas, M.D. removed from the Health Maintenance Organization ("HMO") capitation panels for inadequate medical notes.

35.     Upon information and belief, Defendant Konstantinos Zarkadas, M.D. was removed from HMO capitation panels because of his criminal conduct.

36.     Defendant Yan Feldman also told Plaintiff Rafael Bueno that he could not use his remaining two weeks of vacation.

37.     In October 2018, Plaintiff Yasmin Nunez was hired by Defendant Konstantinos Zarkadas, M.D. to work as a Physician Assistant for Defendants.

38.     Plaintiff Yasmin Nunez worked at Defendants' Glen Cove medical office.

---

[1] On November 12, 2021, Defendant Konstantinos Zarkadas, M.D. entered a guilty plea to violations of 18 U.S.C. § 1040 and § 1343 in a matter captioned *United States of America v. Zarkadas, M.D.*, 21-cr-00363 (GRB).

39.     From October 2018 until the end of her employment in December 2021, Defendants paid Plaintiff Yasmin Nunez late each pay period, except for her final pay period for which she was not paid at all.

40.     In November 2019, Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, and Vanesa Williams were hired by Defendant Konstantinos Zarkadas, M.D. to work for Defendants as medical assistants and/or front desk clerks.

41.     In November 2020, Plaintiff Nancy Santos was hired by Defendant Konstantinos Zarkadas, M.D. to work for Defendants as a medical assistant and/or front desk clerk.

42.     In January of 2021, Plaintiff Evelyn Jaco was hired by Defendant Konstantinos Zarkadas, M.D. to work for Defendants as a medical assistant and/or front desk clerk.

43.     Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Nancy Santos, and Evelyn Jaco's roles as medical assistants and/or front desk clerks required them to spend more than twenty-five percent of their time performing manual work, such as drawing blood, taking blood pressure, filing medical records, and organizing medical equipment and supplies.

44.     From the time of their hiring Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Nancy Santos, and Evelyn Jaco were paid late each pay period, except for their final pay period for which they were not paid at all.

45.     During the final two weeks of their employment Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Nancy Santos, and Evelyn Jaco worked ten hours of overtime each week during the final pay period at the request of Defendants but were never compensated.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay All Wages on a Timely Basis in Violation of the NYLL*

46.     Plaintiffs, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47.     NYLL § 191(1)(a) requires that employers pay their manual worker employees their wages on at least as frequently as a weekly basis.

48.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs, are manual worker employees within the meaning of the NYLL.

49.     As also described above, Defendants failed to pay Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Nancy Santos, and Evelyn Jaco, all wages earned on at least as frequently as a weekly basis.

50.     Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Nancy Santos, and Evelyn Jaco, are entitled to any unpaid wages, liquidated damages associated with any missed or late payment, interest, and attorneys' fees for Defendants' violations of the NYLL's requirement to pay all wages to manual workers on at least as frequently as a weekly basis.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages Under the FLSA*

51.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

53.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs are employees within the meaning of the FLSA.

10

54.     As also described above, Defendants failed to compensate Plaintiffs at least at the minimum hourly rate required by the FLSA for all hours worked.

55.     Defendants willfully violated the FLSA.

56.     At the least, Plaintiffs are entitled to pay at the minimum wage rate required by the FLSA for all hours worked.

57.     Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

58.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59.     NYLL § 652 and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

60.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs, are employees within the meaning of the NYLL and the NYCRR.

61.     As also described above, Defendants failed to compensate Plaintiffs, at least at the minimum hourly rate required by the NYLL and the NYCRR for all hours worked.

62.     At the least, Plaintiffs, are entitled to pay at the minimum wage rate required by the NYLL and the NYCRR for all hours worked.

63.     Plaintiffs, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

11

## <u>FOURTH CLAIMS FOR RELIEFE AGAINST DEFENDANTS</u>
### <u>*Unpaid Overtime Under the FLSA*</u>

64.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

66.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Nancy Santos, and Evelyn Jaco are employees within the meaning of the FLSA.

67.     As also described above, Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Nancy Santos, and Evelyn Jaco worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

68.     Defendants willfully violated the FLSA.

69.     Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Nancy Santos, and Evelyn Jaco are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

70.     Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Nancy Santos, and Evelyn Jaco are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

71.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herei n.

72.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

73.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Nancy Santos, and Evelyn Jaco, are employees within the meaning of the NYLL and the NYCRR.

74.     As also described above, Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

75.     Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Nancy Santos, and Evelyn Jaco are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater.

76.     Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Nancy Santos, and Evelyn Jaco are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Accurate Wage Statements in Violation of the NYLL*

77.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

78.     NYLL § 195(3) requires that employers furnish employees with a wage statement containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

79.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff that opts-into this action, are employees within the meaning of the NYLL.

80.     As also described above, Defendants, on each payday, failed to furnish Plaintiffs with any wage statements, let alone with wage statements that accurately contained the criteria required under the NYLL.

81.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish to Furnish Accurate Wage Notices in Violation of the NYLL*

82.     Plaintiff repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

83.     NYLL § 195(1) requires that employers furnish employees with a wage notice containing accurate, specifically enumerated criteria on upon hiring.

84.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs are employees within the meaning of the NYLL.

85.     As also described above, Defendants, upon hiring Plaintiffs, failed to furnish Plaintiffs with any wage notices that accurately contained the criteria required under the NYLL.

**EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Wages on a Timely Manner in Violation of the FLSA*

86.     Plaintiff repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

87.     Plaintiffs are entitled to liquidated damages for all wages that were paid late as provided by the FLSA.

88.     At all relevant times herein, Defendants refused to pay Plaintiffs on time and even made Plaintiffs wait over a month for wages earned.

89.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs lawful wages and overtime compensation, for all hours worked, when Defendants knew or should have known such was due and that nonpayment of such would financially injure Plaintiffs.

**NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Wages on a Timely Manner in Violation of the NYLL*

90.     Plaintiff repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

91.     Plaintiffs are entitled to liquidated damages for all wages that were paid late as provided by the NYLL.

92.     At all relevant times herein, Defendants refused to pay Plaintiffs on time and even made Plaintiffs wait over a month for wages earned.

15

93.     Defendants knowingly and willfully disregarded the provisions of the NYLL as evidenced by their failure to compensate Plaintiffs lawful wages and overtime compensation, for all hours worked, when Defendants knew or should have known such was due and that nonpayment of such would financially injure Plaintiffs

## DEMAND FOR A JURY TRIAL

94.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiffs for participation in any form in this litigation;

d.      Awarding all damages that Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs would have received but for Defendants' unlawful payment practices;

e.      Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

f.      Awarding Plaintiffs their reasonable attorneys' fees, as well as their costs and

disbursements incurred in connection with this action, including expert witness fees and any other

costs, and an award of a service payment to Plaintiff;

g.      Pre-judgment and post-judgment interest, as provided by law; and

h.      Granting Plaintiffs such other and further relief as this Court finds necessary and

proper.

Dated:  Garden City, New York
        July 29, 2022

                              Respectfully submitted,

                              BORRELLI & ASSOCIATES, P.L.L.C.
                              *Attorneys for Plaintiffs*
                              910 Franklin Avenue, Suite 200
                              Garden City, New York 11530
                              Tel. (516) 248-5550
                              Fax. (516) 248-6027

                By:      _____
                         JAAZANIAH ASAHGUII, ESQ. (JA 7624)
                         ALEXANDER T. COLEMAN, ESQ. (AC 8151)
                         MICHAEL J. BORRELLI, ESQ. (MB 8533)