UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAFAEL BUENO, ET AL,

                 Plaintiffs,

                                Case No.: 1:22-cv-02216-PAE-KHP

        v.

ALLCITY MEDICAL, P.C, ET AL,

                 Defendants.
------------------------------------------------------------X

# **DEFENDANT YAN FELDMAN AND ALLA B. BUZINOVER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

THE ESSES LAW GROUP, LLC
845 Third Avenue, 6th Floor
New York, New York 10022
Telephone: 212-673-3160
Fax: 212-845-9981
leo@esseslaw.com

# TABLE OF CONTENTS

**Page**

I.      Introduction.................................................................1

II.     Procedural Posture of the Case.......................................2

III.    Statement of Relevant Facts.........................................3

        A.  Overview.............................................................3

        B.  The Parties.........................................................4

        C.  Background Facts................................................6

        D.  Causes of Action.................................................8

IV.     Legal Argument.......................................................9

        A.  Standard on Motion to Dismiss.............................9

        B.  Defendants Are Not "Employers" Under
            the FLSA or NYLL............................................10

        C.  The First Claim for Relief Should Be Dismissed..........14

        D.  The Second and Third Claims for
            Relief Should be Dismissed.............................15

        E.  The Fourth and Fifth Claims of Relief
            Should be Dismissed ....................................17

V.      Conclusion............................................................19

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)………………………………… 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)……………………. 9, 10

*Boutros v. JTC Painting & Decorating Corp.*,
2013 WL 3110943 (S.D.N.Y. June 19, 2013)………………….………19

*Bravo v. Established Burger One, LLC*,
2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013)……………………………11

*Cain v. Rambert*,
2013 WL 6194294 (E.D.N.Y. Nov 26, 2013)……………………………12

*Carter v. Dutchess Community College*,
735 F.2d 8 (2d Cir. 1984)……………………………….…………………11

*Casci v. Nat'l Fin. Network*,
2015 WL 94229 (E.D.N.Y. Jan. 7, 2015)…………………………………19

*Cruz v. AAA Carting and Rubbish Removal, Inc.*,
116 F.Supp.3d. 232 (S.D.N.Y. Jul. 16, 2015)………………………….16, 17

*Chui-Fan Kwan v. Sahara Dreams Co. II Inc.*,
2018 WL 6655607 (S.D.N.Y. Dec. 12, 2018)……………………………13, 14

*Dejesus v. HF Mgmt. Servs., LLC*,
726 F.3d 85, (2d Cir. 2013)…………………………………………15, 16, 17, 18, 19

*Diaz v. Consortium for Worker Educ., Inc.*,
2010 WL 3910280 (E.D.N.Y. Sept. 28, 2010)……………………………12

*Duffy v. Int'l Union of Operating Eng'rs Local 14-14B*,
795 F. Supp. 2d 246 (E.D.N.Y. 2011)……………………………………13

*First Nationwide Bank v. Gelt Funding Corp.*,
27 F.3d 763 (2d Cir. 1994)…………………………………………………9

*Hsieh Lang Yeh v. Han Dynasty, Inc.,*
2019 WL 633355 (S.D.N.Y. Feb. 14, 2019)...................................... 10

*Hong v. JP White Plains, Inc.,*
2021 WL 1226566 (S.D.N.Y. Mar. 31, 2021)...................................10

*Imbarrato v. Banta Management Services,*
2020 WL 1330744 (S.D.N.Y. Mar. 20, 2020).................................. 11

*Irizarry v. Catsimitidis,*
722 F.3d 99 (2d Cir. 2013)........................................................ 10, 11

*Johnson v. Equinox Holdings, Inc.,*
2014 WL 3058438 (S.D.N.Y. July 2, 2014).....................................17

*Lundy v. Catholic Health Sys. of L.I., Inc.,*
711 F.3d 106 (2d Cir. 2013)................................................. 15, 17, 19

*Momin v. Quantierra Advisors, LLC,*
2022 WL 2002282  (S.D.N.Y. June 3, 2022)....................................16

*Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.,*
723 F.3d 192 (2d Cir. 2013)................................................. 15, 17, 19

*Starr v. Sony BMG Music Entertainment,*
592 F.3d 314 (2d Cir. 2010).........................................................10

**Statutes:**

29 USC § 201............................................................................ 15

29 U.S.C. §207.......................................................................... 15

29 U.S.C. § 213.........................................................................15

NYLL § 190(4) ..........................................................................15

NYLL § 191(a)(a).......................................................................14

12 NYCRR 142-2.2.................................................................... 15

Defendants Yan Feldman ("Feldman") and Alla B. Buzinover ("Buzinover," together with Feldman, the "Defendants")[1], by and through their counsel, submits this memorandum of law in support of their motion to dismiss the Second Amended Complaint ("SAC") of the plaintiffs ("Plaintiffs").

## I.   <u>INTRODUCTION</u>

After two failed attempts to plead viable claims against the Defendants, Plaintiffs submit the SAC as their final attempt (the Court on July 21, 2022 during a conference call advised that this is Plaintiffs' final chance at a complaint).  To overcome the deficits of their first two pleadings, Plaintiffs include the buzz words to allege panoply of wage claims.  Plaintiffs, though, still fail to meet the minimum threshold to maintain claims against Defendants.  Plaintiffs still do not, beyond a conclusory and non-substantiated fashion, provide plausible allegation to sustain claims against Buzinover and Feldman.  At best, Plaintiffs have alleged a claim against defendant Dr. Zarkadas, which makes sense since he was their employer.

The two leaders of this lawsuit, as evidenced by the overwhelming focus on them in all versions of the complaints, Rafael Bueno and David Rivera, while trained physician assistants, are in reality professional litigators.  They utilize the court system in hopes of shifting focus of the overwhelming proof of their illegal behavior.  That is, these two plaintiffs are the subject of a two active lawsuits, and one resolved, one of which was filed by defendant Allcity Medical, P.C. prior to

---

[1] "defendants" with a lower case "d" refers to all defendants in this case. "Defendants" with an upper case "D" refers to the movants on this motion.

Plaintiffs' filing of this lawsuit.[2]  Here, these two plaintiffs, joined by others who likely know nothing about Bueno and Rivera's grudge that is the real reason for this lawsuit, are using this Court to extort the defendants.  But, in reality, none of the above matters.  The SAC speaks for itself.  Actually, it does not speak at all.  As demonstrated below, the SAC fails to meet even the simplest of requirements to survive.  It is fatally defective. It should be dismissed, with prejudice.

## II.    <u>PROCEDURAL POSTURE OF THIS CASE</u>

Plaintiffs commenced this action on March 17, 2022 by the filing of their Complaint. (D.E. 1).  This matter was assigned to the Honorable Judge Paul A. Engelmayer.  By Order dated March 21, 2022, this matter was referred to the Honorable Katharine H. Parker, United State Magistrate Judge, for General Pretrial.  (D.E. 22).  On April 8, 2022, Defendants' counsel sent a letter to Plaintiffs' counsel requesting dismissal of this action or Plaintiffs to file an amended complaint based on the deficiencies of the original Complaint.[3]  On April 26, 2022, Plaintiffs filed their Amended Complaint.  (D.E. 31).  On April 27, 2022, pursuant to Magistrate Judge Parker's Individual Practices in Civil Cases, Rule III(a), Defendants sent a letter request to the Court for a pre-motion to dismiss conference.  (D.E. 33).  On April 28, 2022, the Court granted Defendants' request and set a

---

[2] <u>Allcity Medical P.C. v. Rafael Bueno, et al, NY Supreme, Index No.: 151083/2022</u>, which has been dismissed without prejudice and Allcity has alleged such causes of action as counterclaims in this lawsuit; see also, <u>City Prime MSO LLC v. Rafael Bueno, et al, NY Supreme, Index No.: 657041/2019, Washington Heights Pediatrics v. Rafael Bueno, et al, NY Supreme, Index No.: 603143/2009</u>.
[3] A copy of the April 8, 2022 letter is annexed as Exhibit 1 to the Declaration of Leo L. Esses, Esq., dated August 10, 2022 (the "Esses Decl.")

briefing schedule for a motion to dismiss. (D.E. 35).   On May 27, 2022, Defendants

filed their motion to dismiss the Amended Complaint. (D.E. 39-41).   On July 21,

2022, during a conference with the Court, the Court granted Plaintiffs leave to file

the SAC and set a schedule for any motion practice related thereto, thereby

rendering moot Defendant's first motion to dismiss. (D.E. 49).   On July 29, 2022,

Plaintiffs filed the SAC (which was finally filed on August 4, 2022 due to filing

errors at D.E. 55).

### III.   STATEMENT OF RELEVANT FACTS[4]

### A.   Overview

Plaintiffs bring this action for damages and equitable relief based upon

allegations that  Defendants committed violations of Plaintiffs' rights guaranteed

to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law

("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") title 12, § 146-1.4;

(iii) the NYLL's requirement that employers pay their manual worker employees

not less frequently than on a weekly basis, NYLL § 191(1)(a); (iv) the NYLL's

requirement that employers provide on each payday wage statements to their

employees containing specific categories of accurate information, NYLL § 195(3);

(v) the NYLL's requirement that employers provide their employees with, upon

hiring, and in writing, specific categories of accurate information, NYLL § 195(1);

---

[4] All citations to the SAC (D.E. 55) are referenced herein as "SAC. ¶ __." A copy of
the SAC is annexed as Exhibit 2 to the Esses Decl.  The alleged facts are accepted
as true for purposes of this motion to dismiss only.

and (vi) any other claim(s) that can be inferred from the facts set forth herein. SAC ¶ 1.

Plaintiffs worked for Defendants ‑ ‑ three different New York professional corporations that operate as a single enterprise to run medical offices in New York City and Long Island, from at least as far back as October 2018 to December 2021. SAC ¶ 2.   From October 2018 until the end of their employment in December 2021 ("the Relevant Period"), Defendants willfully failed to pay Plaintiffs the wages lawfully due to them under the FLSA and the NYLL. *Id.*  Specifically, during the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did in fact work, an average of forty hours per week or on occasion in excess of forty hours per week each week, yet Defendants consistently failed to pay Plaintiffs on a timely basis. *Id.* Additionally, Defendants violated the NYLL by failing to provide Plaintiffs with accurate wage statements on each payday. SAC ¶ 3.

**B.   The Parties**

Plaintiffs Rafael Bueno ("Bueno") and David Rivera ("Rivera") are residents of Orange County and had been employed by defendants on a full‑time basis from November 2019 to December of 2021. SAC ¶ 19.   Plaintiff Yasmin Nunez was hired by defendant Konstantinos Zarkadas ("Zarkadas") in October 2018. SAC ¶ 37.   Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, and Vanesa Williams were hired by Zarkadas in November 2019.  SAC ¶ 40.   Plaintiff Nancy Santos was hired by Zarkadas in November 2020.  SAC ¶ 41.   Plaintiff Evelyn Jaco was hired by Zarkadas in January 2021.  SAC ¶ 42.  Plaintiffs Vieri Molina,

Destiny Dominguez, Amada Reynoso, Vanesa Williams, Nancy Santos, and Evelyn Jaco's roles as medical assistants and/or front desk clerks required them to spend more than twenty-five percent of their time performing manual work, such as drawing blood, taking blood pressure, filing medical records, and organizing medical equipment and supplies. SAC ¶ 43.

Defendant Allcity Medical, P.C. ("Allcity") is a New York professional corporation that operates medical offices. SAC ¶ 14. Defendant K. Zark Medical P.C. ("Zark Medical") is a New York professional corporation that operates medical offices. SAC ¶ 15. Defendant Hispanic Medical Health P.C. ("Hispanic Medical") is a New York professional corporation that operates medical offices. SAC ¶ 16. Defendant Konstantinos Zarkadas ("Zarkadas") is the owner of Zark Medical and Hispanic Medical and was the on-site manager, who managed and operated each of their medical offices on a day-to-day basis on behalf of the defendants. SAC ¶¶ 9, 12 & 17. Zarkadas managed and oversaw the day-to-day operations of Hispanic Medical and was ultimately responsible for all matters with respect to determining employees' rates, methods of pay, and hours worked. SAC ¶ 12. Zarkadas had the power to hire and fire and approve all personnel decisions with respect to Hispanic Medical's employees. *Id.* Zarkadas was responsible for paying defendants' employees their bi-weekly wages, including Plaintiffs. *Id.* Zarkadas was all responsible for maintaining employment records for all of Hispanic Medical's employees, including Plaintiffs. *Id.* Zarkadas personally managed and oversaw the day-to-day operations of Zark Medical and was ultimately responsible for all

matters with respect to determining employees' rates, methods of pay, and hours worked. SAC ¶10. Furthermore, Zarkadas had the power to hire and fire and approve all personnel decisions with respect to Zark Medical's employees. *Id.* Zarkadas was responsible for paying defendants' employees their bi-weekly wages, including Plaintiff. *Id.* Zarkadas was all responsible for maintaining employment records for all of Zark Medical's employees, including Plaintiffs. *Id.* Defendants Buzinover and Feldman were off-site managers, who had the power to hire and fire, determine the employees' rates, methods of pay, and hours worked. SAC ¶ 18. Buzinover, Zarkadas and Feldman were and are the owners of Allcity. SAC ¶ 8. Buzinover, Zarkadas and Feldman personally managed and oversaw the day-to-day operations of Allcity and were ultimately, together, responsible for all matters with respect to determining employees' rates, methods of pay, and hours worked. *Id.* Buzinover, Zarkadas, and Feldman had the power to hire and fire and approve all personnel decisions with respect to Allcity. *Id.* Buzinover, Zarkadas and Feldman were responsible for paying defendants' employees their bi-weekly wages, including Plaintiffs. *Id.* They also were all responsible for maintaining employment records for all of Allcity employees, including Plaintiffs. *Id.* Zark Medical, Hispanic Medical and Allcity operated as an enterprise. SAC ¶ 13.

## C.   <u>Background Facts</u>

In October of 2019, Bueno signed a contract titled "Physician Assistant Employment Agreement Between K. Zark Medical P.C./Hispanic Medical Health, P.C. and AllCity Medical, P.C. and Rafael Bueno, P.A." SAC ¶ 21.  In October of

2019, Rivera signed a contract titled "Physician Assistant Employment Agreement Between K. Zark Medical P.C./Hispanic Medical Health, P.C. and AllCity Medical, P.C. and David Rivera, P.A." SAC ¶ 22.  Zarkadas signed both agreements on behalf of Zark Medical and Hispanic Medical.  SAC ¶ 23.  The signature line for Allcity was not executed and no one held themselves out as an owner or representative of Allcity.  SAC ¶ 24.  From November 2019 until the end of their employment in December 2021, defendants paid Bueno and Rivera late each pay period, except for their final pay period for which they were not paid at all. SAC ¶ 25.  Defendants failed to provide Bueno and Rivera with wage notices that accurately listed, among other things, their rate of pay and the employers' official names and addresses.  SAC ¶ 26.  Defendants failed to provide Bueno and Rivera with a wage statement that accurately listed, among other things, the employers' names and addresses, their rates of pay, and gross wages. SAC ¶ 27.  Throughout their employment, Bueno and Rivera received paychecks listing their employer as Zark Medical, Hispanic Medical or Allcity. SAC ¶28.  Bueno and Rivera worked as Physician Assistants for the benefit of defendants. SAC ¶ 29.

Throughout their employment, Bueno and Rivera complained several times to defendants about not being paid on time or not being paid at all. SAC ¶ 30.  On December 21, 2021, Bueno met with Zarkadas to advise him that he could no longer work for defendants if he is not going to be paid. SAC ¶ 31.  On this occasion Bueno said that he would not be able to work under the supervision of Zarkadas because he committed a crime of moral turpitude, which will most likely result in

him no longer being a New York State Licensed Physician.  SAC ¶32.  On or about January 13, 2022, Zarkadas threatened to sue Bueno and Rivera if they practiced medicine for any other medical practice other than Zark Medical, Hispanic Medical Health or Allcity.  SAC ¶ 33.  Feldman said to Bueno and Rivera that because he built Allcity and kept it running, Bueno and Rivera had to accept pay cuts and continue working for defendants or he would sue Bueno and Rivera for having Zarkadas, removed from the Health Maintenance Organization ("HMO") capitation panels for inadequate medical notes. SAC ¶ 34.  Feldman also told Bueno that he could not use his remaining two weeks of vacation. SAC ¶36.

From October 2018 until the end of her employment in December 2021, defendants paid Plaintiff Yasmin Nunez late each pay period, except for her final pay period for which she was not paid at all.  SAC ¶ 39.  From the time of their hiring Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Nancy Santos, and Evelyn Jaco were paid late each pay period, except for their final pay period for which they were not paid at all. SAC ¶ 44.   During the final two weeks of their employment Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Nancy Santos, and Evelyn Jaco worked ten hours of overtime each week during the final pay period at the request of defendants but were never compensated.  SAC ¶ 45.

## D.    Causes of Action

The First Claim for Relief is Failure to Pay All Wages on a Timely Basis in Violation of the NYLL.  The Second Claim for Relief is Unpaid Minimum Wages

under the FLSA.  The Third Claim for Relief is Unpaid Minimum Wages under the

NYLL and the NYCRR.  The Fourth Claim for Relief is Unpaid Overtime under the

FLSA.  The Fifth Claim for Relief is Unpaid Overtime under the NYLL and the

NYCRR.  The Sixth Claim for Relief is Failure to Accurate Wage Statements in

Violation of the NYLL.  The Seventh Claim for Relief is to Furnish Accurate Wage

Notices in Violation of the NYLL.  The Eighth Claim for Relief is Failure to Pay

Wages on a Timely Manner in Violation of the FLSA.  The Ninth Claim for Relief is

Failure to Pay Wages on a Timely Manner in Violation of the NYLL.

## IV.   LEGAL ARGUMENT

### A.   Standard on Motion to Dismiss

It is well settled that, under Federal Rules of Civil Procedure ("Rule

")12(b)(6), "to survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, 'to state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare

recitals of elements of a cause of action" fail to state a plausible claim. *Id.* The

plausibility standard "asks for more than a sheer possibility that a defendant has

acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court does not have to

accept as true "conclusions of law or unwarranted deductions of fact." *First

Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994). Rather,

the complaint must contain sufficient factual allegations to "raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 555.  A complaint that contains

only "labels and conclusions" or "a formulaic recitation" of the required pleading

elements will not be sufficient to state a cause of action. *Id.* at 570. Significantly, if

the allegations in the complaint do not allow a reasonable inference stronger than

the "mere possibility of misconduct," the complaint must be dismissed. *Starr v. Sony

BMG Music Entertainment*, 592 F.3d 314, 321 (2d Cir. 2010).  Here, on their third

attempt, Plaintiffs still rely on bare recitation of the legal standard, unsupported by

concrete factual allegations – which is inadequate to survive this motion to dismiss.

*Hong v. JP White Plains, Inc.*, 2021 WL 1226566, at *6 (S.D.N.Y. Mar. 31, 2021).

## B.   Defendants Are Not "Employers" Under the FLSA or NYLL

The Court should dismiss this action against the Defendants because they

are not employers within the FLSA or NYLL.

The determination of "whether an employer-employee relationship exists for

purposes of the FLSA should be grounded in economic reality rather than technical

concepts." *Irizarry v. Catsimitidis*, 722 F.3d 99, 104 (2d Cir. 2013). The defendant

must possess formal or functional control over the plaintiff's employment. *Hsieh

Lang Yeh v. Han Dynasty, Inc.*, 2019 WL 633355 at *7 (S.D.N.Y. Feb. 14, 2019). In

particular, in order to determine whether a defendant is an "employer" under the

FLSA, courts must examine four factors, which are "nonexclusive and overlapping"

to determine the "economic reality" of the relationship: (1) whether the alleged

employer had the power to and hire the employee; (2) whether the alleged employer

supervised and controlled employee work schedules or conditions of employment; (3)

whether the alleged employer determined the rate and method of payment; and (4)

whether the alleged employer maintained employer records. *Imbarrato v. Banta Management Services*, 2020 WL 1330744, at *4 (S.D.N.Y. Mar. 20, 2020) (citing *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984)).[5]  For an individual to be an employer, there also must be more than just evidence that the individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function. *Irizarry*, 722 F.3d at 109. "Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Id.* See also *Bravo v. Established Burger One, LLC*, 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013)("Courts in this circuit have held that mere boilerplate allegations that an individual meets the various prongs of the 'economic reality test' are insufficient to survive a motion to dismiss").  Here, Plaintiffs fail, for the third time, to meet their burden.

The SAC alleges that Zarkadas was the owner of Zark Medical and Hispanic Medical.  SAC ¶¶ 10 & 12.  The SAC alleges that Zarkadas was the onsite manager of both Zark Medical and Hispanic Medical and "personally managed and oversaw the day to day operations of [each such defendant] and was <u>ultimately responsible</u> for all matters with respect to determining employees' rates, methods of pay, and hours worked." *Id.* (emphasis added).  "Furthermore, [Zarkadas] had the power to hire and fire and "[Zarkadas] was responsible for paying Defendants' employees

---

[5] The NYLL definition of employer is "nearly identical" to that of the FLSA and the analysis of factors for the employment relationship under both statutes is the same. *Imbarrato*, 2020 WL 1330744, at *4.

their bi-weekly wages, including Plaintiffs." *Id.* "[Zarkadas] also [was] responsible for maintaining employment records for all [of such defendant's] employees, including Plaintiffs." *Id.* Zarkadas had the power to "approve all personnel decisions with respect to [such defendant's] employees." *Id.* It was only Zarkadas that hired any of the other Plaintiffs. SAC ¶¶37, 40-42. Plaintiffs allege, in contradiction to these just recited allegations, that Buzinover and Feldman were "off-site managers, who had the power to hire and fire, determine employees' rates, methods of pay, and hours worked." SAC ¶ 18.[6] These allegations are simply a mere recitation of the factors to allege an employer, conclusory and insufficient.[7] *Diaz v. Consortium for Worker Educ., Inc.*, 2010 WL 3910280, at *4 (E.D.N.Y. Sept. 28, 2010)(granting motion to dismiss, noting that the "allegations that touch upon the factors of the economic reality test … are conclusory and insufficient to survive a motion to dismiss"); *Cain v. Rambert*, 2013 WL 6194294, at *1 (E.D.N.Y. Nov 26, 2013)("[a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" Plaintiffs' allegations directly contradict their other allegations that, for example, "no one held themselves out as owner or representative of Allcity." SAC ¶ 24.[8] It was with Zarkadas who

---

[6] The allegations in SAC ¶ 18 fall far short of the allegations against Zarkadas in SAC ¶¶ 10 and 12. There is only one obvious and rationale conclusion that a prudent person can find for this, it is not true.

[7] SAC ¶ 18 alleges that Buzinover and Feldman had such powers, but does not allege they had such powers over the Plaintiffs or on behalf of which corporate defendant they had such powers. Compare that with SAC ¶¶10 and 12 that specifically state that Zarkadas had such powers over Plaintiffs.

[8] Also, in SAC ¶ 8, Plaintiffs allege that Zarkadas, Buzinover and Feldman "were ultimately, together, responsible for all matters with respect to determining

Plaintiffs can specify allegations that they entered into an employer/employee relationship, it was Zarkadas who hired them all, it was Zarkadas who had ultimate responsibility as the employer. *Chui-Fan Kwan v. Sahara Dreams Co. II Inc.*, 2018 WL 6655607, at *2 & 4  (S.D.N.Y. Dec. 12, 2018)(dismissing amended complaint where plaintiff failed to "plead any non-conclusory factual allegations").

What's more, the allegations in the SAC directly contradict the allegations in the first amended complaint ("FAC").  In the FAC, the Plaintiffs alleged that they worked "under the supervision of Zarkadas." FAC ¶ 39. Plaintiffs alleged that Zarkadas, through the defendant companies, "held total control over Plaintiffs Rafael Bueno and David Rivera's schedules, including days and times worked, work location, and vacation time." FAC ¶ 38.  Plaintiffs also alleged that they worked for and were controlled by Zarkadas until December 21, 2021 (FAC¶¶ 35-42 & 50) and never allege in the FAC, or in the SAC, when either Buzinover or Feldman became their "employer" or when any Plaintiff worked for them.  *Duffy v. Int'l Union of Operating Eng'rs Local 14-14B*, 795 F. Supp. 2d 246, 253 (E.D.N.Y. 2011)(_where the pleadings only permit a court to infer the "mere possibility of misconduct, the complaint has alleged - - but it has not 'show[n]' - - 'that the pleader is entitled to relief'").  Plaintiffs' claims on their third try directly contradict what the Plaintiffs previously told the Court, and so the claims against Buzinover and Feldman simply do not pass the plausibility standard

---

employees' rates, methods of pay, and hours worked."  But, in SAC ¶¶ 10 and 12, Plaintiffs allege that it was Zarkadas "was ultimately responsible for all matters with respect to determining employees' rates, methods of pay, and hours worked."

Similarly, to the extent that Plaintiffs try to join all defendants together by using the buzz words that the defendant corporations operated "as a single enterprise" (SAC ¶ 2), Plaintiffs provide only conclusory allegation to support this claim.  There is no plausible basis for the Court to find - even at this early stage - that Defendants acted as an enterprise where the SAC solely relies on conclusory, boilerplate allegations without actual factual.  *Id. Chui-Fan Kwan*, 2018 WL 6655607, at *3-4.

C.    <u>The First Claim for Relief Should be Dismissed[9]</u>

If the Court is not inclined to dismiss this entire lawsuit against Feldman and Buzinover based on the failure of Plaintiffs to adequately allege that they are employers, then the Court should still dismiss this action against the Defendants for the following reasons.

The First Claim for Relief alleges, on behalf of all Plaintiffs, breach of NYLL § 191(1)(a).  SAC ¶¶46-50.  NYLL § 191(1)(a) states:

> Every employer shall pay wages in accordance with the following provisions:
>
> a.   Manual worker.--- (i) A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned; provided however that a manual worker employed by an employer authorized by the commissioner pursuant to subparagraph (ii) of this paragraph or by a non-profitmaking organization shall be paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly.

---

[9] To the extent that the Court finds any claim for relief is insufficient, it too should be dismissed as to Allcity.

Pursuant to NYLL § 190(4), a "Manual Worker" means a mechanic, workingman or laborer.  None of the Plaintiffs are alleged to be a mechanic, workingman or laborer. According to the allegations in the SAC, Bueno and Rivera are physician assistants and the remainder of the Plaintiffs are medical assistants and/or front desk clerks. SAC ¶¶ 21-22, 43.  Even with a third bite at the apple, Plaintiffs have not been able to properly classify themselves under the proper NYLL to make an allegation of any violation.

D.    <u>The Second and Third Claims for Relief Should be Dismissed</u>

The FLSA and NYLL overtime claims are subject to the standards for pleading overtime claims in the Second Circuit. *Lundy v. Catholic Health Sys. of L.I., Inc.*, 711 F.3d 106, 118 (2d Cir. 2013); *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 & n.5 (2d Cir. 2013). The FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §207(a)(1). This requirement is incorporated into the NYLL via New York Department of Labor regulation 12 NYCRR 142-2.2 ("An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 [29 U.S.C. §§207, 213] of 29 USC 201 et seq., the Fair Labor Standards Act").

With regard to all Plaintiffs, they provide this Court with no basis to believe that they have not earned minimum wage. *DeJesus*, 726 F.3d at 88-89 (upholding dismissal of FLSA claims where "complaint was devoid of any numbers to consider beyond those plucked from the statute"). Here, the only thing that Plaintiffs allege is that they did not get paid overtime. They do not say what their rate of pay is or provide any evidence that they are entitled to overtime. There is no basis for the Court to even assume that Plaintiffs have a viable claim.

Furthermore, with regard to River and Bueno, high paid employees cannot use the FLSA to pursue breach of contract claims. *Momin v. Quantierra Advisors, LLC*, 2022 WL 2002282, at *2 (S.D.N.Y. June 3, 2022). Bueno and Rivera were highly paid. Pursuant to the agreements they allege they signed (SAC ¶¶ 21-22), Bueno earned $300,000 per year and Rivera $96,000 per year.[10] *Momin,* 2022 WL 2002282, at *2 (finding that a salary of $80,000 "demonstrates that the plaintiff is not in the class of vulnerable workers that the FLSA minimum wage provisions were designed to protect"). According to the SAC, Bueno and Rivera were paid for each of their pay periods, except for the last one. SAC ¶ 25. Given that each were paid bi-weekly, Bueno was paid $288,461 for 2021 and Rivera was paid $92,307. Stated another way, Rivera was paid $1,775.13 per week and Bueno was paid $5,547.33 per week. Even assuming each of them worked 20 hours a day for 7 days a week, which obviously they did not, Rivera would have earned $12.68 per hour and Bueno $39.62 per hour. *Cruz v. AAA Carting and Rubbish Removal, Inc.*, 116

---

[10] The schedule in each of Bueno and Rivera's contracts referenced in the SAC at ¶¶21-22 with each of their salaries is annexed as Exhibits 3 and 4 to the Esses Decl.

F.Supp.3d. 232, 242-243 (S.D.N.Y. Jul. 16, 2015)(finding that employee had no basis to claim it did not receive minimum wage).  Under any calculation, neither of these two plaintiffs can demonstrate that they did not get paid minimum wage. *Johnson v. Equinox Holdings, Inc.*, 2014 WL 3058438, at *3 (S.D.N.Y. July 2, 2014)( "An employee cannot state a claim for a minimum wage violation 'unless his average hourly wage falls below the federal minimum wage'"). All FLSA and NYLL claims by these two should be dismissed.

E.     <u>The Fourth and Fifth Claims for Relief Should be Dismissed</u>

Because the FLSA and NYLL measure compliance with overtime requirements by the workweek, "to survive a motion to dismiss, [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours"; "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114; *Nakahata*, 723 F.3d at 200; *Dejesus*, 726 F.3d at 88.

In the FAC, Plaintiffs did not specify even one workweek in which any Plaintiff worked more than 40 hours, or allege that they were improperly compensated for hours worked over 40 hours in that week. They too failed to specify a week when they got paid late or incorrect wages. See, e.g., *Lundy*, 711 F.3d at 114 ("Reviewing Plaintiff's allegations, as the district court thoroughly did, we find no plausible claim that FLSA [or NYLL] was violated, because Plaintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours"); *Nakahata*, 723 F.3d at 201 ("[A]bsent

any allegation that Plaintiffs were scheduled to work forty hours in a given week," they "do not state a plausible claim for such relief. To plead a plausible FLSA [or NYLL] overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week. For these reasons, the District Court properly dismissed the FLSA and NYLL overtime claims"); *Dejesus*, 726 F.3d at 89, 90 (affirming dismissal of overtime claims where plaintiff "did not estimate her hours in any or all weeks or provide any other factual content or context. Indeed, her complaint was devoid of any numbers to consider beyond those plucked from the statute").

So, to overcome the deficiency in the FAC, Plaintiffs had to at least allege that they worked forty hours a week and then reasonably infer they worked more than forty hours in a given week.  Plaintiffs did not so allege.  Plaintiffs fail to allege that they worked forty hours a week.  At best one plaintiff alleges that it worked forty hours a week. SAC ¶ 2 ("Plaintiff did in fact work, an average of forty hours per week").  Of course, the SAC fails to identify such plaintiff.  What's more, Plaintiffs again simply make conclusory non-specific allegations of how much overtime they worked, i.e., "ten hours of overtime each work during the final pay period."  It is not plausible that six workers each worked exactly ten hours of overtime per pay period without any differentiation.  Further, an overtime complaint cannot survive a motion to dismiss with allegations of what the plaintiffs' schedule "typically," "approximately," "occasionally," or

"sometimes" was, or of how many hours plaintiffs "regularly worked." See, e.g., *Lundy*, 711 F.3d at 114-115; *DeJesus*, 726 F.3d at 89; *Nakahata*, 723 F.3d at 199; *Casci v. Nat'l Fin. Network*, 2015 WL 94229, at *3 (E.D.N.Y. Jan. 7, 2015) (plaintiff's allegations that he "occasionally [] worked in excess of forty (40) hours per week, without receiving overtime compensation" were insufficient to "nudge his claim from conceivable to plausible"); *Boutros v. JTC Painting & Decorating Corp.*, 989 F. Supp. 2d 281, 283 (S.D.N.Y. 2013) (plaintiffs "must allege not merely that they typically worked unpaid overtime, but must specify at least one week in which they worked overtime hours but were not paid overtime") (emphasis in original).  At SAC ¶ 2, Plaintiffs allege that "on occasion [worked] in excess of forty hours per week each week." This is not sufficient and the Court should recognize this as an obvious attempt to withstand a dismissal by making the bare conclusory allegations.

## V.    CONCLUSION

Based on the foregoing, Defendants respectfully submits that the Court should dismiss this lawsuit with prejudice and grant Defendants all such other and further relief as the Court deems just and proper.

Dated:        August 5, 2022

THE ESSES LAW GROUP, LLC

By: *Leo L. Esses*

Leo L. Esses
845 Third Avenue, 6th Floor
New York, New York 10022
(212) 673-3160