UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL BUENO, DAVID RIVERA, VIERI MOLINA,
DESTINY DOMINGUEZ, AMADA REYNOSO,
VANESA WILLIAMS, YASMIN NUNEZ, NANCY
SANTOS, EVELYN JACO, JANE DOE I-X, and JOHN
DOE I-X,

                  Plaintiffs,

      -against-

ALLCITY MEDICAL, P.C., ALLA B. BUZINOVER,
M.D., HISPANIC MEDICAL HEALTH, P.C., K. ZARK
MEDICAL, P.C., KONSTANTINOS ZARKADAS,
M.D. and YAN FELDMAN,

                Defendants.

**Docket No.:**
22-CV-2216 (PAE) (KHP)

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS YAN FELDMAN AND ALLA B. BUZINOVER'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Jaazaniah Asahguii, Esq.
Alexander T. Coleman, Esq.
Michael J. Borrelli, Esq.
BORRELLI & ASSOCIATES, P.L.L.C.
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. (516) 248-5550
*Attorneys for Plaintiffs*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................................1

PROCEDURAL HISTORY.................................................................................................. 3

STATEMENT OF RELEVANT FACTUAL ALLEGATIONS ..................................... 4

STANDARD OF REVIEW ................................................................................................. 6

ARGUMENT ....................................................................................................................... 6

    I.    The Court Must Disregard All Documents that Moving Defendants Filed in
        Support of their Motion to Dismiss ....................................................................... 6

    II.    The Court Should Deny Moving Defendants' Motion as the SAC's Factual
         Allegations Defeat All of their Arguments............................................................ 8

         a.    Plaintiffs have Plausibly Alleged that Moving Defendants were their
            "Employers" within the Meaning of the FLSA and the NYLL ................. 8

         b.    Plaintiffs have Adequately Pleaded that they Performed Manual Labor
            under the NYLL ................................................................................... 11

         c.    Plaintiffs have Adequately Pleaded FLSA and NYLL Minimum Wage
            and Overtime Violations ……………………………………………...13

CONCLUSION................................................................................................................ 15

**TABLE OF AUTHORITIES**

**Cases**                                                                          **Page(s)**

*Agerbrink v. Model Service, LLC,*
    787 Fed. App'x 22 (2d Cir. 2019) ........................................................... 9

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................ 6

*ATSI Commc'ns. Inc. v. Shaar Fund, Inc.,*
    493 F.3d 87 (2d Cir. 2007) ...................................................................... 7

*Barfield v. New York City Health and Hospitals Corp.,*
    537 F.3d 132 (2d Cir. 2008) ............................................................... 9, 10

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................ 6

*Carter v. Dutchess Cmty. College,*
    735 F.2d 8 (2d Cir. 1984) ...................................................................... 10

*Chambers v. Time Warner, Inc.,*
    282 F.3d 147 (2d Cir. 2022) .................................................................... 7

*Chen v. 2425 Broadway Chao Restaurant,*
    2019 WL 1244291 (S.D.N.Y. Mar. 18, 2019) ...................................... 10

*Chufen Chen v. Dunkin' Brands, Inc.,*
    954 F.3d 492 (2d Cir. 2020) ...................................................................12

*Dejesus v. HF Management Servs., LLC,*
    726 F.3d 85 (2d Cir. 2013) .................................................................... 15

*Frasier v. Gen. Elec. Co.,*
    930 F.2d 1004 (2d Cir. 1993) ................................................................ 10

*Gillett v. Zara USA, Inc.,*
    2022 WL 3285275 (S.D.N.Y. Aug. 10, 2022) ......................................12

*Goel v. Bunge, Ltd.,*
    820 F.3d 554 (2d Cir. 2016) .................................................................... 7

*Groden v. Random House, Inc.*,
   61 F.3d 1045 (2d Cir. 1995)..............................................................................8

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*,
   62 F.3d 69 (2d Cir. 1995)..................................................................................7

*Irizarry v. Catsimatidis*,
   722 F.3d 99 (2d Cir. 2013).............................................................................. 10

*Jibowu v. Target Corp.*,
   492 F. Supp. 3d 87 (E.D.N.Y. 2022) ...................................................................13

*Johnson v. Equinox Holdings, Inc.*,
   2014 WL 3058438 (S.D.N.Y. July 2, 2014) ....................................................…...…14

*Liu v. Chan*,
   2022 WL 2903311(E.D.N.Y July 22, 2022) ....................................…..………12, 13

*Lively v. WAFRA Investment Advisory Group*,
   6 F.4th 293 (2d Cir. 2021)............................................................................ 7, 8

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
   711 F.3d 106 (2d Cir. 2012)............................................................................ 14

*Mabe v. Wal-Mart Assocs., Inc.*,
   2022 WL 874311 (N.D.N.Y. Mar. 24, 2022) ......................................................…12

*Malaney v. Elal Israel Airlines*,
   331 Fed. App'x 772 (2d Cir. 2009)......................................................................8

*Morana v. Park Hotels & Resorts, Inc.*,
   2022 WL 769327 (S.D.N.Y. Apr. 12, 2022)...........................................................8

*Nakahata v. New York-Presbyterian Healthcare Sys. Inc.*,
   723 F.3d 192 (2d Cir. 2013)............................................................................ 15

*Olvera v. Bareburger Group LLC*,
   73 F. Supp. 3d 201 (S.D.N.Y. 2014) ...................................................................8

*Palin v. N.Y. Times Co.*,
   940 F.3d 804 (2d Cir. 2019)........................................................................... 7, 8

*People ex rel. Price v. Sheffield Farms-Slawson-Decker Co.,*
   121 N.E. 474 (N.Y. 1918) ................................................................... 8, 9

*Rath v. Jo-Ann Stores, LLC,*
   2022 WL 3701163 (W.D.N.Y. Aug. 26, 2022) .........................................12

*Rutherford Food Corp. v. McComb,*
   331 U.S. 722 (1947) ......................................................................... 10

*Scott v. Chipotle Mexican Grill, Inc.,*
   954 F.3d 502 (2d Cir. 2020) .............................................................13

*Scott v. Chipotle Mexican Grill, Inc.,*
   2017 WL 1287512 (S.D.N.Y. Mar. 29, 2017) .........................................13

*Tackie v. Keff Enterprises LLC,*
   2014 WL 4626229 (S.D.N.Y. Sept. 16, 2014) ........................................14

*Tapia v. Blch 3rd Ave, LLC,*
   906 F. 3d 58 (2d Cir. 2018) ........................................................... 9, 10

*Thind v. Healthfirst Mgmt. Servs., LLC,*
   2015 WL 4554252 (S.D.N.Y. July 29, 2015) .........................................14

*United States v. Klinghoffer Bros. Realty Corp.,*
   285 F.2d 487 (2d Cir. 1960) .......................................................13, 14

*V.S. v. Muhammad,*
   595 F.3d 426 (2d Cir. 2010) ............................................................12

*Vaher v. Town of Orangetown, N.Y.,*
   916 F. Supp. 2d 404 (S.D.N.Y. 2013) .................................................. 7

*Victor v. Sam's Deli Grocery Corp.,*
   2022 WL 3656312 (S.D.N.Y. Aug. 25, 2022) ........................................14

*Williams v. Miracle Mile Properties 2 LLC,*
   2022 WL 1003854 (E.D.N.Y. Feb. 1, 2022) .......................................... 12

*Zheng v. Liberty Apparel Co. Inc.,*
   355 F.3d 61 (2d Cir. 2003) ......................................................... 8, 9, 10

**Statutes**

29 U.S.C. § 203(g) ........................................................................................ 8

29 U.S.C. § 206 ............................................................................................. 13

29 U.S.C. § 207(a)(1) .................................................................................... 14

NYLL § 652 .................................................................................................. 13

NYLL § 191(1)(a) ............................................................................. 1, 2, 11, 12, 13

NYLL § 198(1)(a) ............................................................................................ 11

Federal Rule of Civil Procedure 8(a)(2) ....................................................... 6

Federal Rule of Civil Procedure 12(b)(6) ..................................................... *passim*

Federal Rule of Civil Procedure 12(d) .......................................................... 7

Federal Rule of Civil Procedure 56 ............................................................. 7, 8

**Other Authorities**

N.Y. Dep't of Lab. Op. Let. RO-09-0066 (May 21, 2009) ........................12, 13

## PRELIMINARY STATEMENT

In this wage and hour action arising under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), Plaintiffs Rafael Bueno, David Rivera, Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Yasmin Nunez, Nancy Santos, and Evelyn Jaco (collectively as "Plaintiffs"), hereby oppose Defendants Yan Feldman and Alla B. Buzinover (together as "Moving Defendants")'s Motion to Dismiss the Second Amended Complaint ("SAC") as it pertains to them, pursuant to Federal Rule of Civil Procedure ("FRCP" or "Rule") 12(b)(6).

In their SAC, Plaintiffs allege that they were all employed as either Physician Assistants or Medical Assistants/Receptionists from as early as October 2019 to as late as December 2021, with Defendants Allcity Medical, P.C. ("Allcity"), Hispanic Medical Health, P.C. ("HMH"), and K. Zark Medical, P.C. ("Zark"), (collectively as "Corporate Defendants"), as well as individual Defendants Konstantinos Zarkadas, Feldman, and Buzinover (collectively as "Individual Defendants," and together with Corporate Defendants, where appropriate, as "Defendants"). Plaintiffs claim that the three Corporate Defendants, while nominally distinct entities, in practice operated as a single employer that ran medical offices in five different locations in the New York metropolitan area. Moreover, Plaintiffs allege that all three Individual Defendants owned and managed Allcity, while Zarkadas by himself owned HMH and Zark. Regardless of ownership, Plaintiffs allege that all of the Defendants worked together as one business and one employer.

Moreover, in brief, Plaintiffs claim, not in this order in the SAC and limited to what is relevant to this opposition, that Defendants failed to: (1) pay Plaintiffs Molina, Dominguez, Reynoso, Williams, Santos, and Jaco, all manual workers, at least as frequently as weekly, in violation of Section 191(1)(a) of the NYLL; (2) compensate Plaintiffs at least at the minimum hourly rate that the FLSA and the NYLL require for the last two weeks of their employment; and

(3) compensate Plaintiffs Molina, Dominguez, Reynoso, Williams, Santos, and Jaco in accordance with the overtime provisions of the FLSA and the NYLL for the last two weeks of their employment.[1]

Moving Defendants now seek to be dismissed from this lawsuit, arguing that: (1) they were not Plaintiffs' employers under the FLSA or the NYLL; (2) Plaintiffs Molina, Dominguez, Reynoso, Williams, Santos, and Jaco were not manual workers within the meaning of Section 191(1)(a) of the NYLL; (3) Plaintiffs failed to provide a factual basis for their minimum wage claims; and (4) Plaintiffs did not sufficiently allege overtime violations. To support their position, Moving Defendants largely ignore the SAC's allegations, and instead attach voluminous records that they ask the Court to treat as dispositive at the pleading stage. Because Moving Defendants are asking the Court to do nothing short of rewrite the legal standard applicable on such a motion, and because the SAC's allegations sufficiently defeat Moving Defendants' arguments, the Court should deny the motion with ease.

First, the SAC contains numerous allegations that Defendants Feldman and Buzinover were Plaintiffs' employers within the meaning of the relevant statutes. That is, the SAC states that they owned and managed Allcity, and in that role, oversaw the day-to-day operations and staffing needs of all locations at which all Plaintiffs worked, which included hiring and firing, as well as setting Plaintiffs' rates of pay, frequency of pay, method of pay, and hours worked, as well as their vacation schedules. This is all that is needed to sufficiently plead a claim against those two as employers under the FLSA and the NYLL.

---

[1] Plaintiffs also bring claims in the SAC for Defendants' failure to provide accurate wage notices and statements, and for Defendants' failure to pay wages in a timely manner, in collective violation of the FLSA and the NYLL.

Second, the SAC contains numerous allegations that Plaintiffs Molina, Dominguez, Reynoso, Williams, Santos, and Jaco, in working as Medical Assistants/Receptionists, were required to spend more than twenty-five percent of their time performing manual work, such as drawing blood, taking blood pressure, filing medical records, and organizing medical equipment and supplies.

Third, as to minimum wage, Moving Defendants incorrectly argue that "the only thing that Plaintiffs allege is that they did not get paid overtime. [Plaintiffs] do not say what their rate of pay is or provide any evidence that they are entitled to overtime. There is no basis for the Court to even assume that Plaintiffs have a viable claim." However, Plaintiffs alleged that even though they worked during their final two weeks, Defendants failed to compensate them at all for those hours, which is obviously less than the federal and state minimum wage. And finally, as to overtime, Plaintiffs Molina, Dominguez, Reynoso, Williams, Santos, and Jaco all allege that during those final two weeks, they worked ten hours of overtime, but Defendants did not pay them at all for those hours. That plainly states an overtime claim under the FLSA and the NYLL for those weeks.

Accordingly, and for the reasons detailed herein, this Court should deny Moving Defendants' Motion to Dismiss in its entirety.

## **PROCEDURAL HISTORY**

On February 4, 2022, Allcity filed a Summons with Notice, and four days later, an Amended Summons with Notice, in New York State Supreme Court, New York County, against Bueno, Rivera, and Larry Neuman, M.D.

On March 17, 2022, Bueno, Rivera, Molina, Dominguez, and Reynoso filed a lawsuit in the United States District Court for the Southern District of New York, alleging that Defendants violated the FLSA and the NYLL as explained above. ECF 1.

On April 26, 2022, those plaintiffs filed an amended complaint adding Vanesa Williams. ECF 31.  On May 27, 2022, after obtaining leave to do so, Moving Defendants filed a motion to dismiss. ECF 33, 39.

On June 17, 2022, the then-plaintiffs filed a letter requesting an extension of time to file an opposition to the motion to dismiss, as they were in the process of requesting leave to file the SAC to add new plaintiffs and additional facts. ECF 44.  On July 21, 2022, the Court granted that request. ECF 49.  Subsequently, on August 4, 2022, Plaintiffs filed the SAC. ECF 55.  On August 5, 2022, Allcity discontinued its state court action against Bueno and Rivera and filed its Answer with Counterclaims to the SAC. ECF 56.  On August 10, 2022, Defendants Buzinover and Feldman filed their motion to dismiss. ECF 57.[2]  In accordance with the Court's Order of September 13, 2022, Plaintiffs now file this opposition to that motion.

## STATEMENT OF RELEVANT FACTUAL ALLEGATIONS

From as early as October 2018 to the end of December 2021, all Plaintiffs were employed by Defendants. *See* SAC ¶¶ 2, 19, 37, 40-42.  Specifically, the SAC sets forth that Corporate Defendants are three different New York professional corporations that operate as a single enterprise to run five medical offices in New York City and Long Island, from at least as far back as October 2018 to at least December 2021. *Id.* at ¶ 2.  Corporate Defendants operated out of the same addresses and sent employees to the different locations as needed. *Id.* at ¶¶ 14-16, 20.  During the course of their employment with Defendants, Plaintiffs Bueno and Rivera received paychecks

---

[2] Defendants HMH, Zark, and Zarkadas have not filed a response to the SAC, nor have they otherwise appeared in this action.  Moreover, Larry Neuman, M.D. is not a party to this case.

from Allcity, HMH, and Zark. *Id*. at ¶ 28.   The SAC further states that Individual Defendants all owned, operated, and were responsible for managing and overseeing the day-to-day operations of Allcity, which included determining employees' rates of pay, methods of pay, hours worked, amount of vacation offered, and vacation scheduling. *Id*. at ¶¶ 8, 34, 36.   In fact, Defendant Feldman denied employees' requests for vacation and demanded that Plaintiffs Bueno and Rivera accept pay cuts to remain employed. *Id*. at ¶¶ 34, 36.   Defendant Feldman also threatened that if Plaintiffs Bueno and Rivera worked for another medical office, he would sue them because he built Allcity and kept it running. *Id*. at ¶ 34.   Furthermore, Individual Defendants all had the power to hire and fire and approve all personnel decisions with respect to Allcity's employees. *Id*. at ¶¶ 8, 34, 36, 45.

Plaintiffs Bueno, Rivera, and Nunez worked for Defendants as Physician Assistants. *Id*. at ¶¶ 29, 37.   Plaintiffs Molina, Dominguez, Reynoso, Williams, Santos, and Jaco worked as Medical Assistants/Receptionists, in which role they were required to spend more than twenty-five percent of their time performing manual work, such as drawing blood, taking blood pressure, filing medical records, and organizing medical equipment and supplies. *Id*. at ¶¶ 2, 40-43.   Defendants compensated Plaintiffs Molina, Dominguez, Reynoso, Williams, Santos, and Jaco on a bi-weekly basis. *Id*. at ¶¶ 2, 48-50.

For their last two weeks of employment, from December 3, 2021, to December 17, 2021, Defendants did not pay Plaintiffs at all for any hours worked. *Id*. at ¶ 44.   During those two weeks, Plaintiffs Molina, Dominguez, Reynoso, Williams, Santos, and Jaco worked Monday through Friday, from 9:00 a.m. to 7:00 p.m., for a total of fifty hours per week. *Id*. at ¶¶ 2, 45.   The remaining Plaintiffs worked from 9:00 a.m. to 5:00 p.m., for a total of forty hours per week. *Id*. at ¶ 2.

## STANDARD OF REVIEW

Rule 12(b)(6) provides that a claim will be dismissed only if it "fail[s] to state a claim upon which relief can be granted."  In order to state a claim for relief, FRCP 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Importantly, Rule 8 does not require "detailed factual allegations," but only that the statements in the complaint make the claimed violation of law "plausible on its face." *Id.* at 570.  This "plausibility" standard is satisfied by a complaint that contains enough factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

On a Rule 12(b)(6) motion, the court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the non-moving party. *Twombly*, 550 U.S. at 555.  The determination of whether a plaintiff has alleged a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## ARGUMENT

### I.    THE COURT MUST DISREGARD ALL DOCUMENTS THAT MOVING DEFENDANTS FILED IN SUPPORT OF THEIR MOTION TO DISMISS

As a preliminary matter, rather than simply attacking the SAC's well-pleaded factual allegations, Moving Defendants seek to litigate the dispute at this preliminary stage, by attaching records to their motion that they ask the Court to treat as dispositive.  These records consist of excerpts of documents that are supposed to evince that Plaintiffs Bueno and Rivera were either not employees of Moving Defendants, or to show that Plaintiffs Bueno and Rivera were "high paid

employees [who] cannot use the FLSA to pursue breach of contract claims." *See* ECF 58, pg. 16; ECF 59-3, 59-4.

But on a motion to dismiss under FRCP 12(b)(6), a court "may review only a narrow universe of materials" without converting the motion into one for summary judgment. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). This generally includes "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI Commc'ns. Inc. v. Shaar Fund, Inc.*, 493 F.3d 87, 98 (2d Cir. 2007). Where a document is not incorporated by reference, a court "may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2022) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). This requires a moving party to establish that the plaintiff had "actual notice" of the documents and relied upon them in setting forth his or her claims. *Id.*; *see also Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 423 n.16 (S.D.N.Y. 2013) ("In order for the contents of a document to be deemed *integral* to the complaint, they must be deemed necessary to the plaintiff's statement of a claim under Rule 8") (emphasis in original).

If on a motion to dismiss under FRCP 12(b)(6) "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under [FRCP] 56." Fed. R. Civ. P. 12(d). As the Second Circuit has noted, "Rule 12(d) . . . presents district courts with only two options: (1) the court may exclude the additional material and decide the motion on the complaint alone or (2) it may convert the motion to one of summary judgment under [FRCP] 56 and afford all parties the opportunity to present supporting material." *Lively v.*

*WAFRA Investment Advisory Group*, 6 F.4th 293, 308 n.2 (2d Cir. 2021) (citing *Palin v. N.Y. Times Co.*, 940 F.3d 804, 810-11 (2d Cir. 2019)).  In order for a district court to convert a motion to dismiss under Rule 12(b)(6) into a summary judgment motion under Rule 56, the court must give "sufficient notice to an opposing party and an opportunity for that party to respond." *Malaney v. Elal Israel Airlines*, 331 Fed. App'x 772, 774 (2d Cir. 2009) (citing *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995)).

Here, Moving Defendants' documents do not fall into any of those categories that would permit the Court to consider them on a Rule 12(b)(6) motion.  Indeed, these documents, which Moving Defendants claim demonstrate that Plaintiffs Bueno and Rivera were either not employees of Moving Defendants or somehow - - construing their argument charitably - - make them exempt from the FLSA's and the NYLL's overtime requirements, were neither attached to, incorporated by reference within, or integral to the drafting of, the SAC.  Tellingly, Moving Defendants have not even attempted to provide a legal basis for the Court to consider them on this motion.  The Court should plainly exclude them from its analysis.  But if it does not, then Plaintiffs are entitled to the procedures set forth in Rule 12(d) and as explained above.

## II.   THE COURT SHOULD DENY MOVING DEFENDANTS' MOTION AS THE SAC'S FACTUAL ALLEGATIONS DEFEAT ALL OF THEIR ARGUMENTS

### a.  Plaintiffs have Plausibly Alleged that Moving Defendants were their "Employers" within the Meaning of the FLSA and the NYLL

The FLSA defines the term "employ" as meaning "to suffer or permit to work." 29 U.S.C. § 203(g).  Courts in the Second Circuit interpret employer status under both the FLSA and the NYLL to be "nearly identical." *Morana v. Park Hotels & Resorts, Inc.*, 2022 WL 769327, at *5 n.4 (S.D.N.Y. Apr. 12, 2022) (citing *Olvera v. Bareburger Group LLC*, 73 F. Supp. 3d 201, 206 (S.D.N.Y. 2014)); *see also Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 78-79 (2d Cir. 2003)

(citing *People ex rel. Price v. Sheffield Farms-Slawson-Decker Co.*, 121 N.E. 474, 476 (N.Y. 1918)) ("Just as federal courts interpreting the 'suffer or permit' language have looked beyond common-law agency principles in analyzing joint employment relationships, so too have New York courts.").  An employee may have multiple "employers" simultaneously when determining responsibility under the FLSA and the NYLL. *Zheng*, 355 F.3d at 66.

To determine whether an employer-employee relationship exists, courts examine one of several tests, looking to the "economic realities" of the relationship between the parties rather than mere "technical concepts," with the economic realities "'determined by reference not to isolated factors, but rather upon the circumstances of the whole activity.'" *Agerbrink v. Model Service, LLC*, 787 Fed. App'x 22, 25 (2d Cir. 2019) (quoting *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 141 (2d Cir. 2008)).  The most "basic" of the "economic realities" tests examines "formal control," looking primarily to four factors, which are whether the alleged employer: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Tapia v. Blch 3rd Ave, LLC*, 906 F. 3d 58, 61 (2d Cir. 2018) (citing *Barfield*, 537 F.3d at 141-43).

In addition, even absent "formal control," an entity may be deemed an employer when exhibiting "functional control" over an employee. *Zheng*, 355 F.3d at 75-76.  A "functional control" analysis looks "beyond a defendant's formal control over the physical performance of a plaintiff's work . . . [to] give[] content to the broad 'suffer or permit' language in the [FLSA] statute." *Id*.

In addition to formal business entities, individual persons are considered "employers" under the FLSA and the NYLL when they exhibit either "operational control" or "direct control"

over the plaintiff-employee's relationship with any specific entity or entities. *Zheng*, 355 F.3d at 61 (citing *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013)).   "Operational control" is demonstrated where an individual defendant exhibits "authority over management, supervision, and oversight of [the corporate defendant's] affairs in general." *Irizarry*, 722 F.3d at 110.   In contrast to the "general" analysis of "operational control," "direct control" focuses on whether the individual defendant: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) was responsible for maintaining employment records. *Tapia*, 906 F.3d at 61 (citing *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).   While these factors are relevant to the individual employer analysis, "determination of the [employer-employee] relationship does ***not*** depend on . . . isolated factors but rather upon the circumstances of the whole activity." *Frasier v. Gen. Elec. Co.*, 930 F.2d 1004, 1008 (2d Cir. 1993) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)) (emphasis added).   "No individual circumstance is dispositive to the question of whether an individual is an employer, and courts have concluded that an individual defendant qualifies as an 'employer' even when several of the *Carter* factors do not apply in a specific case." *Chen v. 2425 Broadway Chao Rest*, 2019 WL 1244291, at *8 (S.D.N.Y. Mar. 18, 2019).   And while proving all four *Carter* factors is "sufficient" to establish employer status, "it is not *necessary*" that the defendant meet *any* of the *Carter* prongs in order to trigger liability as an employer. *Zheng*, 355 F.3d at 78 (emphasis added).   *Carter* and *Zheng* thus establish "a nonexclusive and overlapping set of factors to ensure that the economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA [and the NYLL]." *Barfield*, 537 F.3d at 143 (internal quotation marks and citations omitted).

Here, Plaintiffs have more than adequately pleaded that Moving Defendants were their employer.  Specifically, Plaintiffs allege that: (1) Moving Defendants were owners of Allcity; (2) Moving Defendants managed and oversaw the day-to-day operations of Allcity; (3) Moving Defendants determined employees' rates of pay, methods of pay, hours worked, vacation time offered, and when vacation could be used; (4) Moving Defendants had the power to hire and fire and approve all personnel decisions with respect to Allcity's employees; (5) Defendant Feldman denied employees' requests for vacation; (6) Defendant Feldman threatened that he would sue two of the plaintiffs if they worked for any competitors because he had built and kept Allcity running; and (7) Defendant Feldman also demanded that that those same two plaintiffs take pay cuts to remain employed. SAC at ¶¶ 2, 8, 34, 36, 45.  This would be sufficient evidence to defeat a summary judgment motion on this issue.  These allegations are certainly enough to defeat a Rule 12(b)(6) motion.  The Court should deny the motion as Plaintiffs have more than adequately pleaded that Moving Defendants were their employers within the meaning of the FLSA and the NYLL.

**b. Plaintiffs have Adequately Pleaded that they Performed Manual Labor under the NYLL**

Section 191(1)(a) of the NYLL states that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned" unless the Commissioner of the New York Department of Labor has "authorized" the employer to pay the worker less frequently.  Section 198(1)(a) of the New York Labor Law permits an "employee to recover the full amount of any underpayment" of wages.  In addition, "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law," the employee may also recover "an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due." *Id*. § 198(1)(a).

11

Moreover, it is no longer an open question that Section 191(1)(a) permits a manual worker to bring a civil action for delayed payment of wages, even if the wages have subsequently been paid to the employee prior the commencement of a lawsuit seeking recovery.  This is because, "[w]hen deciding a question of state law" like this one, a federal court "look[s] to the state's decisional law, as well as to its constitution and statutes." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020) (citation omitted).  And absent a clear directive from a state's highest court, a federal court "is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010).

Here, the First Department squarely held that a manual worker paid less frequently than weekly may bring a claim for the delayed payment of weekly wages even though the employee received all wages due, albeit late, prior to bringing suit. *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019).  And every federal court to analyze the issue since *Vega* has followed that holding. *E.g. Rath v. Jo-Ann Stores, LLC*, 2022 WL 3701163, at *3 (W.D.N.Y. Aug. 26, 2022); *Gillett v. Zara USA, Inc.*, 2022 WL 3285275, at *6-12 (S.D.N.Y. Aug. 10, 2022); *Mabe v. Wal-Mart Assocs., Inc.*, 2022 WL 874311, at *2-8 (N.D.N.Y. Mar. 24, 2022); and *Williams v. Miracle Mile Properties 2 LLC*, 2022 WL 1003854, at *9 (E.D.N.Y. Feb. 1, 2022).  To be sure, Moving Defendants have not pointed to a shred of evidence that New York's highest court would reach a different conclusion.

Moreover, as to what constitutes manual work, the New York Department of Labor ("DOL") defines a manual worker as a "mechanic, workingman, or laborer," which the "[DOL] has interpreted . . . to include 'employees who spends more than 25 percent of their working time performing physical labor.'" *Liu v. Chan*, 2022 WL 2903311, at *8 (E.D.N.Y July 22, 2022)

(quoting N.Y. Dep't of Lab. Op. Let. RO-09-0066 (May 21, 2009)).  Courts have found "running a cash register," "serving customers," "assisting customers," "unpacking merchandise," "cleaning," "folding clothes," "stocking shelves," "straighten[ing] shelves," "[taking] down and put[ting] up signs," "organizing product," and "making labels," to qualify as manual labor. *Jibowu v. Target Corp.*, 492 F. Supp. 3d 87, 116 (E.D.N.Y. 2022); *Scott v. Chipotle Mexican Grill, Inc.*, 2017 WL 1287512, at *4 (S.D.N.Y. Mar. 29, 2017), *aff'd* in relevant part, 954 F.3d 502 (2d Cir. 2020).

Here, Plaintiffs Molina, Dominguez, Reynoso, Williams, Santos, and Jaco alleged in the SAC that they performed manual tasks as employees, such as drawing blood, taking blood pressure, filing medical records, and organizing medical equipment and supplies, which comprised greater than twenty-five percent of their work. SAC ¶ 43.  They further alleged that Defendants compensated them on a bi-weekly basis. They have plainly asserted a claim for their delayed payment of wages under Section 191(1)(a) of the NYLL.

### c.  Plaintiffs have Adequately Pleaded FLSA and NYLL Minimum Wage and Overtime Violations

Section 206 of the FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek . . . wages at the rate [of $7.25 per hour].  Section 652 of the NYLL similarly provides, for the time period relevant to these claims, that "[e]very employer shall pay to each of its employees for each hour worked at a wage of not less than [$15.00].

To determine whether an employee is compensated above the required federal minimum wage, "so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the [FLSA], such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement . . . this weekly requirement is met [and 29 U.S.C. §] 206(a) is not violated." *United States v. Klinghoffer*

*Bros. Realty Corp.*, 285 F.2d 487, 490–91 (2d Cir. 1960).  "An employee cannot state a claim for a minimum wage violation 'unless his average hourly wage falls below the federal minimum wage.'" *Johnson v. Equinox Holdings, Inc.*, 2014 WL 3058438, at *3 (S.D.N.Y. July 2, 2014) (quoting *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir. 2013)). "The average hourly wage is calculated 'by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid.'" *Thind v. Healthfirst Mgmt. Servs.*, *LLC*, 2015 WL 4554252, at *4 (S.D.N.Y. July 29, 2015) (quoting 29 C.F.R. § 778.109).  "A wage-and-hour claim under the NYLL involves a similar analysis, 'except that the NYLL does not require plaintiffs to show a nexus with interstate commerce or a minimum amount of annual sales.'" *Victor v. Sam's Deli Grocery Corp.*, 2022 WL 3656312, at *7 (S.D.N.Y. Aug. 25, 2022) (quoting *Tackie v. Keff Enterprises LLC*, 2014 WL 4626229, at *2 n.2 (S.D.N.Y. Sept. 16, 2014).

Plaintiffs' SAC clearly alleges both federal and state minimum wage claims for their final two weeks of work.  That is, the SAC provides that all Plaintiffs worked either forty or fifty hours during their final two weeks, from December 3, 2022, to December 21, 2022., but Defendants failed to compensate them at all for those hours, which is obviously less than the federal and state minimum wage. SAC at ¶¶ 2, 30, 39, 44, 45.

Similarly, as to overtime, the FLSA requires that an employee working "in excess of" forty hours in a given workweek will be compensated for that "excess work 'at a rate not less than one and one-half times the regular rate at which he is employed.'" *Lundy*, 711 F.3d at 114 (quoting 29 U.S.C. § 207(a)(1)).  To adequately plead an overtime claim, the Second Circuit held that a plaintiff must "sufficiently allege 40 hours of work in a given workweek as well as some unprecedented time in that week in excess of the 40 hours." *Id*.  A plaintiff is not required "to keep careful records

and plead their hours with mathematical precision," *Dejesus v. HF Management Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013), but must "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked forty hours in a given week." *Nakahata v. New York-Presbyterian Healthcare Sys. Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).

Here, Plaintiffs Molina, Dominguez, Reynoso, Williams, Santos, and Jaco have done just that, as they have all alleged that during their final two weeks of work, which dates they specify, they each worked ten hours of overtime during both weeks, but Defendants did not pay them at all for those hours. SAC at ¶¶ 2, 44, 45.  That plainly states an overtime claim under the FLSA and the NYLL for those weeks and it is difficult to fathom how, in good faith, Moving Defendants could assert otherwise.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Moving Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint in its entirety, and for such other and further relief as the Court deems appropriate.

Dated: Garden City, New York
September 21, 2022

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiffs*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
(516) 248-5550


*/s/ Jaazaniah Asahguii*
JAAZANIAH ASAHGUII, ESQ. (JM 4821)
ALEXANDER T. COLEMAN, ESQ. (AC 1717)
MICHAEL J. BORRELLI, ESQ. (MB 8533)

15