UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAFAEL BUENO, ET AL,

                Plaintiffs,

                                 Case No.: 1:22-cv-02216-PAE-KHP

        v.

ALLCITY MEDICAL, P.C, ET AL,

                Defendants.
------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MAGISTRATE JUDGE'S NOVEMBER 28, 2022 ORDER

THE ESSES LAW GROUP, LLC
845 Third Avenue, 6th Floor
New York, New York 10022
(212) 673-3160
*Counsel to Defendants*

# TABLE OF CONTENTS

Page

I.    Argument ...................................................................................................1

II.   Conclusion................................................................................................3

# TABLE OF AUTHORITIES

**Cases:**                                                                     Page

*CatskillDev., L.L.C. v. Park Place Entm't Corp.,*
206 F.R.D. 78 (S.D.N.Y. 2002)………………………………………………..……1

*In re Eaton Vance Mut. Funds Fee Litig.,*
380 F. Supp 2d 222 (S.D.N.Y. 2005)……………………………………………2

*National Credit Union Administration Board v.*
*U.S. Bank National Association,*
898 F.3d 243 (2018)………………………………………………………………..……2

*Thompson v. Keane,*
No. 95 Civ. 2442, 1996 U.S. Dist. LEXIS 6022,
1996 WL 229887 (S.D.N.Y. May 6, 1996)…………………………………………1

*Torres v. DJ Southold, Inc.,*
2018 WL 3653156 (E.D.N.Y. Jul. 31, 2018)……………………………1

**Statute:**

Federal Rule of Civil Procedure 72(A) ……………………………………..… 1

Pursuant to Federal Rule of Civil Procedure 72(a), Defendants Alla Buzinover, Yan Feldman and Allcity Medical P.C. (collectively, the "Defendants"), by and through their undersigned counsel, respectfully submit this objection to Magistrate Judge Katharine H. Parker's November 28, 2022 Report and Recommendation on Motion To Dismiss (the "Order") (Dkt. 78).

## <u>ARGUMENT</u>

### I.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), when a party objects to a magistrate judge's decision on a non-dispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Torres v. DJ Southold, Inc.*, 2018 WL 3653156 (E.D.N.Y. Jul. 31, 2018). "Findings are clearly erroneous when the reviewing court is firmly convinced the lower court decided an issue in error." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.,* 206 F.R.D. 78, 86 (S.D.N.Y. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, No. 95 Civ. 2442, 1996 U.S. Dist. LEXIS 6022, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (internal quotations omitted).

Plaintiffs commenced this lawsuit on March17, 2022. Pursuant to the rules of the Court, and by letter dated April 8, 2022, Defendants informed Plaintiffs' counsel that the Complaint was insufficient and either needed to be withdrawn or amended. In response, Plaintiffs filed their First Amended Complaint on April 26, 2022. Defendants moved to dismiss the First Amended Complaint on May 27, 2022.

On June 17, 2022, Plaintiffs improperly filed a Second Amended Complaint, without either leave of Court or stipulation with the Defendants. The Court struck from the docket the June 17th improper filing and scheduled a call for July 21, 2022. During the July 21, 2022 call, Plaintiffs informed the Court that they would be filing a Second Amended Complaint in lieu of opposition to Defendants' motion to dismiss.[1] Magistrate Parker specifically informed Plaintiffs that she would permit the second amendment, but that Plaintiffs would not be further permitted to amend the Complaint, stating "last chance, no more amendments after this absent good cause."[2] On August 4, 2022, Plaintiffs filed their Second Amended Complaint and Defendants timely filed another motion to dismiss. That motion is the subject of the Order.

> While a Court is to freely provide leave to amend a complaint,
>
> When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment [even if] the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.

*National Credit Union Administration Board v. U.S. Bank National Association*, 898 F.3d 243, 257-58 (2018)(citations omitted)(denying amendment); *In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp 2d 222, 242 (S.D.N.Y. 2005). This is exactly what has happened in this case. Plaintiffs have filed complaint after complaint, essentially making the same allegations and completely ignoring the arguments of Defendants as to why

---

[1] A copy of the transcript of the call is annexed as Exhibit 1 to the Declaration of Leo L. Esses, Esq. dated December 12, 2022 ("Esses Decl.").
[2] *Id.* at p. 12; ll.4-15.

the complaints were deficient on their face.  Twice Plaintiffs have been met with details of their deficiencies and twice they voluntarily amended.   They have had their chances.

What's more, over the past nine months, Defendants have been prejudiced in that (i) their names have been linked with this case, and (ii) they have spent an inordinate amount of time, money and energy while Plaintiffs try to get their act together (which they still have not).

Finally, Magistrate Parker warned Plaintiffs in July 2022 that the Second Amended Complaint was to be the last iteration in this matter, unless good cause was shown.  Magistrate Parker did not find in the Order any good cause shown.  None was argued because none exists. The Court should enforce its pronouncements.

<u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully submits that the Court should overrule the Order and not allow further amendment, and grant Defendants all such other and further relief as the Court deems just and proper.

Dated:        December 12, 2022

THE ESSES LAW GROUP, LLC

By: *Leo L. Esses*
Leo L. Esses
845 Third Avenue, 6th Floor
New York, New York 10022
(212) 673-3160

3