# BORRELLI & ASSOCIATES
## P.L.L.C.

www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 1010 Northern Boulevard |
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

January 5, 2023

*Via ECF*
The Honorable Paul A. Engelmayer
United States District Judge for the
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *Rafael Bueno, et al. v. AllCity Medical, P.C. Inc., et al.*
     Docket No.: 22-cv-02216 (PAE) (KHP)

Dear Judge Engelmayer:

  This firm represents Plaintiffs Rafael Bueno, David Rivera, Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Yasmin Nunez, Nancy Santos, and Evelyn Jaco, in the above-referenced wage and hour collective action arising under the Fair Labor Standards Act and the New York Labor Law ("NYLL") against their former employers, Allcity Medical, P.C. ("Allcity"), Hispanic Medical Health, P.C., K. Zark Medical, P.C., Alla B. Buzinover, M.D. ("Buzinover"), individually, Konstantinos Zarkadas, M.D., individually, and Yan Feldman ("Feldman"), individually. We write in response to objections filed by the Appearing Defendants (Allcity, Buzinover, and Feldman)[1] to Judge Parker's Report and Recommendations [Dkt. Nos. 84-86], filed on December 22, 2022.[2] For the reasons set forth herein, Judge Parker correctly

---

[1] The remaining Defendants have yet to appear in this Action. Hereinafter, "Defendants" refers only to the Appearing Defendants unless otherwise specified.

[2] Defendants incorrectly filed their opposition as a "Motion to Alter Judgment" on December 12, 2022, which they now maintain is an "unopposed" motion based on the date of the incorrect filing. Plaintiffs believe that their deadline to respond to Defendants' objections runs from December 22, 2022, the date Defendants' objections were actually filed as objections (assuming this Court considers Defendants' objections to be timely filed). However, should this Court disagree with Plaintiffs' calculation, Plaintiffs

recommended that Plaintiffs be given leave to amend, and Plaintiffs respectfully request that this Court adopt the portion of Judge Parker's Report and Recommendations allowing Plaintiffs leave to file an amended complaint.

On non-dispositive matters such as deciding to grant leave to amend, decisions by a magistrate judge are only reviewable "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Partminer Info. Services, Inc. v. Avnet, Inc.*, 2009 WL 1119588, at *1 (S.D.N.Y. Apr. 21, 2009) (applying "clear error" standard to decision by magistrate judge granting leave to amend); *Bradley v. City of New York*, 2016 WL 1491017, at *1 (E.D.N.Y. Mar. 16, 2016), *report and recommendation adopted*, 2016 WL 1541439 (E.D.N.Y. Apr. 14, 2016) ("[D]istrict courts in this circuit have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive."). Defendants cannot demonstrate that Judge Parker's decision was "clearly erroneous or contrary to law," and do not even attempt to do so. Indeed, Defendants did not cite a single case in which a district judge found that a magistrate judge had committed clear error by allowing a plaintiff leave to amend his/her complaint, let alone one decided at this relatively early stage of the litigation, well prior to the completion of discovery.

Instead, Defendants argue that this Court should sustain their objection to Judge Parker's recommendation because she did not find "good cause" for allowing Plaintiffs to amend. Notably, Defendants do not argue that Judge Parker "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." *Thompson v. Keane*, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996)). Instead, Defendants argue that Judge Parker's recommendation was erroneous because she purportedly violated her own oral admonition that Plaintiffs would not be allowed to amend again without "good cause." *See* Dkt. No. 86-1. Judge Parker's prior admonition, which Defendants have arguably taken out of context here, does not constitute a "relevant statute, case law, or rule of procedure," and thus cannot serve as a basis for finding "clear error." Moreover, it is well established that the heightened "good cause" standard to allow amendment does not apply at this stage of the proceeding. *Compare Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) ("good cause" required pursuant to Fed. R. Civ. P. 16(b) to modify a scheduling order and allow amendment *after* the expiration of a court-ordered deadline for amended pleadings - - a situation not applicable in this case).

Here, leave to amend is appropriate and in the interests of justice - - the actual standard under Rule 15(a) - - because Defendants' Motion to Dismiss and Judge Parker's Report and Recommendation highlighted specific facts that could be added to the Complaint to add more clarity to Plaintiffs' allegations regarding the employer status issue. Additionally, Judge Parker recommended dismissal of some of Plaintiffs' claims *sua sponte* for reasons that were never raised

---

respectfully request that this Court exercise its discretion to nonetheless consider Plaintiffs' response under the circumstances.

2

in Defendants' Motion, meaning that Plaintiffs have had no opportunity to address those issues.[3] Finally, Defendants do not and cannot argue that any amendments would be futile in this case.

Finally, despite vague claims about being prejudiced by "having their names associated with this case" and having to spend "an inordinate amount of time, money and energy" defending this case, Defendants cannot show actual **undue** prejudice beyond the inconvenience that is inherent in being named as a defendant in a lawsuit, which is not the sort of "prejudice" that courts recognize in this context. *See, e.g., Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) ("Although "[p]rejudice to the opposing party . . . has been described as the most important reason for denying a motion to amend . . . only undue prejudice warrants denial of leave to amend.") (*internal quotations omitted*).  Defendants have not cited to any case in which a court found undue prejudice under circumstances such as these, warranting the denial of leave to amend.

Based on the foregoing, Plaintiffs respectfully request that the Court uphold the portion of Judge Parker's Report and Recommendations allowing Plaintiffs leave to file an amended complaint.  We thank the Court for its time and attention to this matter.

                                           Respectfully submitted,

                                           Lauren R. Reznick, Esq.
                                           *For the Firm*

C:     Counsel for Defendants (*via* ECF)

---

[3] For example, Judge Parker recommended dismissal of Plaintiffs' claims pursuant to NYLL §§ 191 and 195 with leave to replead to add specific allegations regarding the harm Plaintiffs suffered from Defendants' untimely payments and failure to provide the required notice, respectively.