UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAFAEL BUENO ET AL.,

                                    Plaintiffs,

                    -v-

ALLA B. BUZINOVER, M.D. ET AL.,

                                    Defendants.

---

22 Civ. 2216 (PAE) (KHP)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiffs Rafael Bueno, David Rivera, Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa Williams, Yasmin Nunez, Nancy Santos, Evelyn Jaco, Jane Doe I–X, and John Doe I–X (collectively, "plaintiffs") here seek damages from defendants Alla B. Buzinover, M.D., Allcity Medical, P.C. ("Allcity"), Hispanic Medical Health, P.C. ("HMH"), K. Zark Medical, P.C. ("KZark"), Konstantinos Zarkadas, M.D. ("Zarkadas"), and Yan Feldman ("Feldman"), under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a), 207(a), and the New York Labor Law ("NYLL") §§ 160, 191(1)(a), 195(1), 195(3), 652. *See* Dkt. 55 ("Second Amended Complaint" or "SAC"). Plaintiffs claim that defendants, which are medical offices and their owners and managers, failed to, *inter alia,* pay them proper minimum and overtime wages, furnish accurate wage statements and wage notices, and pay them in a timely manner and at the proper frequency.[1] *See id.* ¶¶ 46–93.

---

[1] The unpaid overtime wage claims pursuant to the FLSA, 29 U.S.C. § 207(a), and NYLL § 160 and the untimely pay claim under NYLL § 191(1)(a) are brought by all plaintiffs except Bueno, Nunez, and Rivera. *See* SAC ¶¶ 46–50, 64–76. The remaining claims—for unpaid minimum wages under the FLSA, 29 U.S.C § 206(a), and NYLL § 652, failure to provide accurate wage

On March 21, 2022, the Court referred this case to the Hon. Katharine H. Parker, Magistrate Judge, for general pretrial management. Dkt. 22. On August 10, 2022, Buzinover and Feldman (together, "moving defendants") moved to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6).[2] *See* Dkts. 57, 58, 59. On September 21, 2022, plaintiffs opposed the motion, Dkt. 71, and on October 4, 2022, Buzinover and Feldman filed a reply, Dkt. 72. The Court referred the motion to Judge Parker for a Report and Recommendation. Dkt. 60.

On November 28, 2022, Judge Parker issued a Report and Recommendation (the "Report"), recommending that the Court (1) grant without prejudice the motion to dismiss except as to Bueno and Rivera's minimum wage claims against Feldman, HMH, KZark, and Allcity, and (2) permit plaintiffs to amend their complaint a third time. *See* Dkt. 78 ("Report"). On December 12, 2022, Buzinover, Feldman, and Allcity filed, and on December 22, 2022, re-filed, objections to the Report. They object solely to the recommendation that the Court grant plaintiffs leave to amend the SAC. *See* Dkt. 85 ("Obj.") at 3; *see also* Dkts. 81, 82, 83, 84, 86. On January 5, 2023, plaintiffs responded to the objections. Dkt. 87 ("Response"). On January 9, 2023, moving defendants replied. Dkt. 88 ("Reply").

For the following reasons, the Court adopts in part the Report's legal conclusions, each of which is addressed below, and grants in part and denies in part the motion to dismiss.

---

statements under NYLL § 195(3), failure to provide accurate wage notices under NYLL § 195(1), and failure to timely pay wages under the FLSA and NYLL—are brought by all plaintiffs. *See* SAC ¶¶ 51–63, 77–93.

[2] Buzinover and Feldman initially moved to dismiss the First Amended Complaint, *see* Dkts. 39, 40, 41, but, on July 21, 2022, after a case management conference, Judge Parker terminated the motion as moot, directed plaintiffs to file the SAC, and set a briefing schedule for the currently pending motion to dismiss. *See* Dkt. 49.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Furthermore, "[c]ourts do not generally consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

The Court adopts the Report's summary of the facts, to which no party objects.

As an initial matter, the motion to dismiss was filed by only Buzinover and Feldman. In so moving, they also state in a footnote that, "[t]o the extent that the Court finds any claim for relief is insufficient, it too should be dismissed as to Allcity." Dkt. 58 at 14 n.9. Allcity, which answered the SAC on August 5, 2022, *see* Dkt. 56, is not otherwise named as a movant in the motion to dismiss. Accordingly, the Court interprets the motion to dismiss to pertain only to claims against Buzinover, Feldman, and possibly Allcity. However, insofar as the SAC fails to state a claim against remaining defendants Zarkadas, HMH, and KZark—none of whom have appeared in this case—and the Report reaches claims against such nonmoving defendants, the Court dismisses those claims, as detailed below.

First, the Report finds that the SAC fails to "sufficiently allege an injury in fact sufficient to establish standing" for plaintiffs' claims under the New York Wage Theft Protection Act ("WTPA") for failure to provide wage notice and wage statements under NYLL §§ 195(1) and 195(3) and their claim of untimely pay under NYLL § 191. Report at 10. Because no party objected to this recommendation, the Court reviews it for clear error. *See Ruiz*, 2014 WL 4635575, at *2. The Court finds that, although the SAC is unspecific as to the downstream injuries that resulted from these alleged statutory violations, such allegations are not necessary to supply standing, and plaintiffs have standing to assert these claims.

"[T]he WTPA was enacted to further protect an employee's concrete interest in being paid what he or she is owed under the NYLL." *Imbarrato v. Banta Mgmt. Servs., Inc.*, No. 18 Civ. 5422 (NSR), 2020 WL 1330744, at *8 (S.D.N.Y. Mar. 20, 2020). The written notices mandated under the WTPA serve "as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves." *Id.* at *9. Denying an employee such notices—as alleged here—can impinge on an employee's

4

interests not only in being paid what is owed, but also in being able to advocate for the receipt of proper pay. The Court thus finds that, by alleging that they were not furnished the statutorily required notices, plaintiffs have asserted a concrete and particularized injury sufficient to confer standing for their WTPA wage notice and wage statement claims. Consistent with this, multiple courts in this District have exercised jurisdiction over such claims, without requiring a specific showing as to the downstream impact on the plaintiff of the non-provision of the required notice. *See, e.g., id.*; *Burns v. Scott*, No. 20 Civ. 10518 (JGK), 2022 WL 10118491, at *5, *9 (S.D.N.Y. Oct. 17, 2022); *Inga v. Nesama Food Corp.*, No. 20 Civ. 0909 (ALC) (SLC), 2021 WL 3624666, at *6, *10 (S.D.N.Y. July 30, 2021), *report and recommendation adopted*, 2021 WL 3617191 (S.D.N.Y. Aug. 16, 2021); *Hong v. JP White Plains, Inc.*, No. 19 Civ. 5018 (NSR), 2021 WL 1226566, at *8 (S.D.N.Y. Mar. 31, 2021). This Court has exercised jurisdiction over wage statement and wage notice claims in two recent trials involving such claims. *See Sanchez v. E.I.G. Auto Salvage, Inc.*, No. 21 Civ. 8266 (PAE) (SN); *Cajero Torres v. Sushi Sushi Holdings Inc.*, No. 19 Civ. 2532 (PAE) (RWL). *But see, e.g., Guthrie v. Rainbow Fencing Inc.*, No. 21 Civ. 5929 (KAM) (RML), 2023 WL 2206568, at *5 (E.D.N.Y. Feb. 24, 2023) (noting that "courts in the Second Circuit have reached different conclusions when weighing the sufficiency of a plaintiff's allegations to show Article III standing to pursue NYLL wage notice and wage statement claims in federal court"); *Neor v. Acacia Network, Inc.*, No. 22 Civ. 4814 (ER), 2023 WL 1797267, at *4 (S.D.N.Y. Feb. 7, 2023) (arguing that *Imbarrato*'s reliance on state legislature's reasoning "cannot be used for Article III standing").

The Court also finds that plaintiffs have standing to claim untimely pay under § 191, which requires that pay be furnished weekly. That is because the temporary deprivation of wages results in the concrete injury of the loss of the time value of money. *See, e.g., Gillett v.*

5

*Zara USA, Inc.*, No. 20 Civ. 3734 (KPF), 2022 WL 3285275, at *5–7 (S.D.N.Y. Aug. 10, 2022) (finding that, where plaintiff alleged "he performed manual tasks as an employee of Defendants and that Defendants compensated him on a bi-weekly basis," plaintiff alleged concrete harm, and need not "specify how he intended to take advantage of the time value of his wages if they had not been improperly withheld"); *cf. Harris v. Old Navy, LLC*, No. 21 Civ. 9946 (GHW) (GWG), 2022 WL 16941712, at *3–4 (S.D.N.Y. Nov. 15, 2022) (where plaintiff alleged she was denied time value of money, finding harm from § 191 violation "real, not hypothetical," and citing supporting cases), *report and recommendation adopted*, 2023 WL 2139688 (S.D.N.Y. Feb. 20, 2023); *Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21 Civ. 9768 (LJL), 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022). Accordingly, the Court declines to adopt the Report's recommendation to dismiss plaintiffs' claims under NYLL §§ 191 and 195 against moving defendants for lack of standing to assert those claims.

Second, the Report concludes that the SAC lacks sufficient, nonconclusory allegations that Buzinover was the "employer," within the meaning of the FLSA and NYLL, of any of the plaintiffs, or that Feldman was the employer of any plaintiffs other than Bueno and Rivera. *See* Report at 11–13. In addition, the Report finds that although the SAC plausibly alleges that Allcity, HMH, and KZark were employers of Bueno and Rivera, *id.* at 13, it fails to allege that the three entities operated as a single employer or which entity employed plaintiffs other than Bueno and Rivera, *id.* at 15. The Report thus recommends dismissal of all claims against moving defendants and the entity defendants, except for Bueno and Rivera's claims against Feldman, Allcity, HMH, and KZark.[3] *Id.* at 15, 17. No party objected to this recommendation,

---

[3] The Report recommends "that the claims of all Plaintiffs except those of Bueno and Rivera, be dismissed against the moving Defendants." Report at 15. The Court interprets this

and, therefore, review for clear error is appropriate. *See Ruiz*, 2014 WL 4635575, at *2. Finding

none, the Court adopts the recommendation to dismiss all claims against Feldman, Buzinover,

Allcity, HMH, and KZark, with the exception of Bueno and Rivera's claims against Feldman,

Allcity, HMH, and KZark.

Third, the Report recommends denying the motion to dismiss Bueno and Rivera's

minimum wage claims against Feldman, Allcity, and the other entity defendants. It finds that

Bueno and Rivera plausibly alleged those defendants' failure to pay them the minimum wage.

Report at 16. In particular, Bueno and Rivera allege that they "were not paid at all" for their

final pay period, SAC ¶ 25, and "complained several times to Defendants about . . . not being

paid at all," *id.* ¶ 30. No party objects to this recommendation. Reviewing the recommendation

for clear error, the Court finds none, and adopts the recommendation not to dismiss Bueno and

Rivera's minimum wage claims against Feldman, Allcity, and the other entity defendants.[4]

---

recommendation to include claims against the nonmoving entity defendants, HMH and KZark, given that the Report's analysis reaches claims against these two defendants. *See* Report at 13–15; *see also id.* at 1 (reading motion to encompass "[a]ll of the Defendants except Dr. Konstantinos Zarkadas"); *id.* at 17 (recommending dismissal as to all claims except Bueno and Rivera's minimum wage claims against Feldman, Allcity, HMH, and KZark).

[4] The Court notes that the above-quoted language in the SAC suggests that Bueno and Rivera may seek not merely payment of minimum wages for hours as to which their work went unpaid, but full pay at the agreed rate for these hours. Such a "gap-time" claim is cognizable under the NYLL, but not the FLSA. *See Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("Gap-time claims are those in which an employee has not worked 40 hours in a given week but seeks recovery of unpaid time worked, or in which an employee has worked over 40 hours in a given week but seeks recovery for unpaid work under 40 hours." (citation omitted)); *Almanzar v. C & I Assocs., Inc.*, 175 F. Supp. 3d 270, 278 (S.D.N.Y. 2016); *Cromwell v. N.Y.C. Health & Hosps. Corp.*, 983 F. Supp. 2d 269, 271 (S.D.N.Y. 2013) ("Claims for gap-time compensation are cognizable under the NYLL but not under the FLSA," which "does not provide a cause of action for unpaid gap time."); *see also, e.g., Cortese v. Skanska Koch, Inc.*, No. 20 Civ. 1632 (LJL), 2021 WL 429971, at *11 (S.D.N.Y. Feb. 8, 2021).

Finally, the Report recommends that the motion to dismiss be granted without prejudice. Report at 17. The moving defendants object to this recommendation. They note that plaintiffs' previous amendments had failed to address the deficiencies in their claims and that Judge Parker had warned them that the SAC would be their final opportunity to amend. Obj. at 3. Plaintiffs counter that this warning need not carry the day and note that Judge Parker's Report did not recommend a with-prejudice dismissal. Response at 2. They further argue that the interests of justice support granting leave to amend, as the present motion and the Report "highlighted specific facts that could be added to the Complaint to add more clarity to Plaintiffs' allegations regarding the employer status issue." *Id.* In plaintiffs' view, moving defendants cannot demonstrate that further amendments would be futile, or to have suffered undue prejudice beyond the inconvenience inherent in having to respond to successive complaints. *Id.* at 3. In their reply, moving defendants reaffirm their arguments against permitting further amendments.[5] Reply at 2–3.

Because moving defendants object to this portion of the Report, the Court reviews *de novo* the recommendation that plaintiffs be granted leave to amend the SAC. *Male Juvenile*, 121 F.3d at 38. Plaintiffs have amended their complaint twice, first on April 26, 2022, Dkt. 31, and again on August 4, 2022, Dkt. 55. On July 21, 2022, in granting plaintiffs leave to file the SAC, Judge Parker advised plaintiffs that there would be "no more amendments after this absent good

---

[5] Moving defendants also state that plaintiffs did not timely respond to the Objections. Reply at 1. Because the Objections were filed in deficient form on the December 12, 2022 deadline, and then refiled in proper form on December 22, 2022, the Court will consider plaintiffs' Response, given plaintiffs' demonstrated attempt to meet the filing deadline.

cause."[6] Dkt. 79 at 12 (conference transcript). At that conference, counsel for Buzinover, Feldman, and Allcity previewed the basis of their anticipated motion to dismiss, *see id.* at 6–8, and plaintiffs' counsel stated that they would, *inter alia*, submit as an exhibit a certificate showing that Buzinover was the principal officer of Allcity, *id.* at 4, and add allegations supporting that moving defendants were employers of plaintiffs, *id.* at 11–12, 14–15. No such certificate appears to have been filed on the docket. And, as reviewed above, plaintiffs proved unable to provide specific allegations as to Feldman and Buzinover's employer status with respect to some or all plaintiffs.

On this record, the Court has not been given persuasive reason to grant plaintiffs leave to file a third amended complaint as to their claims against Feldman and Buzinover. Plaintiffs have had two opportunities to amend to add specific allegations adequate to plead the employer status of moving defendants. Before the last round of amendments, plaintiffs were warned that they would not be granted leave to amend yet again. *See, e.g., Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr., LLC*, 525 F. Supp. 3d 482, 517 (S.D.N.Y. 2021) (dismissing with prejudice where party had two opportunities to amend complaint and was notified that second opportunity would be final chance to amend); *see also id.* (citing cases). Plaintiffs nonetheless proved unable to adequately plead employer status. And plaintiffs have not identified concrete facts that would cure this deficiency. Permitting a new round of pleadings on this point, followed by inevitable motions practice, would cause delay of this matter, and prejudice the moving defendants insofar

---

[6] On September 7, 2022, after the filing of the SAC and the pending motion to dismiss, plaintiffs also sought leave to file a supplemental pleading under Federal Rule of Civil Procedure 15(d) in order to file claims of retaliation under the FLSA and NYLL based on a state court action filed by Allcity. Dkt. 61. On September 8, 2022, Judge Parker denied the request, stating that any motion to amend the pleadings would be considered only after the pending motion to dismiss was decided. Dkt. 63.

as a new round of motions practice would entail time and expense. The Court does, however, grant plaintiffs leave to amend claims with respect to the nonmoving defendants—Allcity, HMH, and KZark. That is because (1) plaintiffs, in formulating the SAC, had not been given notice of an anticipated motion to dismiss along these lines by the nonmoving defendants, and (2) the nonmoving defendants have not objected to Judge Parker's recommendation of dismissal without prejudice, and plaintiffs accordingly have not addressed that subject with specificity as to these defendants. Accordingly, the Court dismisses (1) with prejudice, the deficiently pled claims against moving defendants, and (2) without prejudice, the deficiently pled claims against the nonmoving defendants.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts in part Judge Parker's November 28, 2022 Report and Recommendation and grants in part and denies in part the motion to dismiss.

Specifically, the Court (1) dismisses with prejudice all claims against Buzinover, (2) with the exception of the claims filed by Bueno and Rivera, dismisses—with prejudice—all claims against Feldman, and (3) with the exception of the claims filed by Bueno and Rivera, dismisses—without prejudice—all claims against Allcity, HMH, and KZark. If plaintiffs seek to amend their claims against Allcity, HMH, and KZark to address the deficiencies identified in this decision, they must do so no later than March 20, 2023. The Court respectfully directs the Clerk of the Court to terminate the motion pending at docket number 57.

This case remains under the able pretrial supervision of Judge Parker.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: March 7, 2023
       New York, New York