**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
RAFAEL BUENO, DAVID RIVERA, VIERIMOLINA,
DESTINY DOMINGUEZ, AMADA REYNOSO,
JANE DOE I-X, JOHN DOEI-X,

                                        Plaintiffs,

                    -against-

ALLCITY MEDICAL, P.C., ALLA B. BUZINOVER, M.D.,
HISPANIC MEDICAL HEALTH, P.C., K. ZARK MEDICAL,
P.C., KONSTANTINOS ZARKADAS, and YAN FELDMAN,

                                        Defendants.
------------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:_____**
**DATE FILED:** _06/08/2023_

**22-CV-2216 (PAE) (KHP)**

**OPINION AND ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On June 2, 2023, counsel for Plaintiffs, Borelli & Associates ("B&A") filed a letter

representing that Plaintiffs Destiny Dominguez, Yasmin Nunez, Nancy Santos, and Evelyn Jaco

have decided to withdraw from this proceeding.[1]  (ECF No. 109.)  **Those Plaintiffs shall file a**

**notice of dismissal by <u>Monday, June 12, 2023.</u>**

In the same letter, B&A moved to withdraw as counsel for all Plaintiffs, or in the

alternative to withdraw as counsel for Plaintiff Amada Reynoso.  (*Id.*)  B&A does not assert any

retaining or charging lien.  The Court now considers the motion to withdraw.

**PROCEDURAL BACKGROUND**

On August 4, 2023, Plaintiffs Rafael Bueno and David Rivera (collectively, "Bueno and

Rivera"), as well as Plaintiffs Vieri Molina, Destiny Dominguez, Amada Reynoso, Vanesa

Williams, Yasmin Nunez, Nancy Santos, and Evelyn Jaco, (collectively, the "Other Plaintiffs")

---

[1] Plaintiffs' letter refers to a Plaintiff "Sanchez," but there is no Plaintiff by that name in this action.  The Court
deduces that Plaintiffs' letter meant to refer to Plaintiff Santos.

filed the Second Amended Complaint ("SAC") against Defendants Allcity Medical, P.C.

("Allcity"); Alla B. Buzinover ("Buzinover"); Hispanic Medical Health, P.C. ("HMH"); K. Zark

Medical, P.C. ("ZKark"); Konstantinos Zarkadas ("Zarkadas"); and Yan Feldman ("Feldman").

The SAC asserts claims under the Fair Labor Standards Act and the New York Labor Law.

On August 10, 2022, Buzinover and Feldman moved to dismiss the claims against them.

On March 7, 2023, the Honorable Paul A. Engelmayer granted in part the motion to dismiss.   In

particular, Judge Engelmayer: (1) dismissed with prejudice all claims against Buzinover, (2) with

the exception of the claims filed by Bueno and Rivera, dismissed with prejudice all claims

against Feldman, and (3) with the exception of the claims filed by Bueno and Rivera, dismissed

without prejudice all claims against Allcity, HMH, and KZark.  (ECF No. 89.)  Plaintiffs were

granted until March 20, 2023 to amend the complaint.  (*Id.*)

Plaintiffs requested, and the Court granted, three extensions of the March 20 deadline,

ultimately extending the deadline to June 2, 2023.  (ECF Nos. 92, 96, 100.)  On May 31, 2023,

the Court denied Plaintiffs' fourth request for an extension of time to amend the complaint.

The Court warned Plaintiffs that failure to file an amended complaint by the June 2 deadline

could result in sanctions, up to and including dismissal of the case for failure to prosecute.  In

light of Plaintiffs' counsel's representation that there was uncertainty as to who was going to

join in the amended complaint, the Court directed that any amended complaint should clearly

state which plaintiffs joined in the pleading.  None of the Plaintiffs filed an amended complaint

by the deadline, and no amended complaint has been filed as of the date of this Order.

As the case now stands, because certain Plaintiffs have chosen to withdraw from this action, the only remaining Plaintiffs are Bueno, Rivera, Reynoso, Molina, and Williams.  The operative complaint is the SAC to the extent the claims asserted therein were not dismissed. The remaining claims are those brought by Bueno and Rivera against Feldman, Allcity, HMH, and KZark, as well as those claims by Bueno, Rivera, Reynoso, Molina, and Williams against Zarkadas.  Discovery has not yet been taken.

B&A now seeks to withdraw as counsel for all Plaintiffs based on an asserted conflict of interest between Bueno and Rivera on the one hand and the Other Plaintiffs on the other, or in the alternative, to withdraw as counsel for Plaintiff Reynoso for failure to communicate.

## LEGAL STANDARD

Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

> An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the court granted by order.  Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

S. & E.D.N.Y.R. 1.4.  The decision to grant or deny a motion to withdraw is within the district court's discretion.  The Court should consider the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding.  *Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (citing S. & E.D.N.Y.R. 1.4).

## ANALYSIS

### 1.  Motion to Withdraw as Counsel for All Plaintiffs

B&A asserts that there are two conflicts of interest among their clients and that this constitutes a good reason for it to withdraw as counsel for all Plaintiffs.  An actual, relevant

conflict of interest occurs if, during the course of the representation, the attorney's and client's interests diverge with respect to a material factual or legal issue or to a course of action. *U.S. v. Malpiedi*, 62 F.3d 465, 469 (2d Cir. 1995).

First, B&A asserts that Bueno and Rivera intend to take a position regarding whether they had a contractual or statutory employment relationship with Allcity that is at odds with the position taken by the Other Plaintiffs in support of their claims against Allcity.  However, the Other Plaintiffs do not have any remaining claims against Allcity.  Those claims were dismissed and no amended complaint was filed.  Accordingly, no conflict of interest exists on this basis.

Second, B&A asserts that there is a conflict of interest between the Plaintiffs in settlement discussions because Defendants will only settle with Bueno and Rivera if the Other Plaintiffs drop their claims.  However, at this time, the Other Plaintiffs only have claims against Zarkadas, who has not yet appeared in this action and is not represented by counsel for the appearing Defendants.  Because the Other Plaintiffs have missed the deadline to assert claims against the appearing Defendants, the appearing Defendants are no longer able to use the Other Plaintiffs' claims as a bargaining chip in settlement discussions with Bueno and Rivera. Accordingly, this also does not amount to a conflict of interest.

Therefore, Plaintiffs' counsel's motion to withdraw as counsel for all Plaintiffs is denied.  *See In re Litwok*, 246 B.R. 1, 9 (E.D.N.Y. 2000) (citation omitted), *aff'd*, 4 F. App'x 43 (2d Cir. 2001) (denying motion to withdraw after finding that no conflict of interest existed).

**2. Motion to Withdraw as Counsel for Reynoso**

B&A has stated a good reason to withdraw as counsel for Reynoso; that is, Reynoso's failure to communicate with B&A or respond to its repeated efforts to contact her. *See Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (a client's lack of communication with counsel is a satisfactory reason for withdrawal). Moreover, B&A's withdrawal of representation of Reynoso would not meaningfully impact the timing of this proceeding because Reynoso's only claims are against Zarkadas, who has not yet appeared in this action. Moreover, no discovery has yet been taken. Accordingly, B&A may withdraw as counsel for Reynoso.

**B&A shall immediately send this order to Reynoso and inform her of her obligation to provide her contact information to the Court so that the Court can communicate with her**.

By **Thursday, June 22, 2023**, Reynoso shall file a letter indicating whether she has obtained or plans to obtain new counsel, or will proceed pro se. Reynoso's failure to file a letter by June 22, 2023 may result in the dismissal of her claims for failure to prosecute. Reynoso shall familiarize herself with the resources for pro se litigants available on the Court's website at https://www.nysd.uscourts.gov/prose. Reynoso is advised that there is a free legal clinic, the New York Legal Assistance Group, that is available to help pro se litigants in this Court. Information about the clinic is available at https://nylag.org/

There is already a case management conference scheduled in this matter on **June 29, 2023 at 11:00 a.m.** The remaining parties shall be prepared to discuss discovery and settlement at the conference. Reynoso or her new counsel shall attend the conference.

**SO ORDERED.**

DATED:        New York, New York
              June 8, 2023                    _Katharine H. Parker_____

                                             KATHARINE H. PARKER
                                             United States Magistrate Judge