

**BORRELLI & ASSOCIATES**
P.L.L.C.
www.employmentlawyernewyork.com

| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/13/2023

> Counsel's motion to withdraw and supporting papers were due on October 12, 2023 and have not yet been filed or provided to the Court.  The deadline for the motion is extended *nunc pro tunc* to **October 16, 2023**. The motion shall be filed publicly on the docket and shall comply with Local Rule 1.4.  The motion shall state whether Plaintiffs object to the requested withdrawal and if so, shall provide their position.  To the extent the motion contains information protected by the attorney-client privilege, that information should be redacted, and Counsel shall email an unredacted copy of the motion and supporting papers to the Chambers inbox at Parker_NYSDChambers@nysd.uscourts.gov.  The Court will consider the requested stay at the same time it considers counsel's motion.  However, in light of Plaintiffs' continued and ongoing delay in this matter, the Court is unlikely to grant a lengthy stay (if any) in the event the motion is granted.

SO ORDERED:

*/s/ Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE    10/13/2023

*Via ECF*
The Honorable Katharine H. Parker
United States Magistrate Judge for the
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Rafael Bueno, et al. v. AllCity Medical, P.C. Inc., et al.*
              <u>Docket No.: 22-cv-02216 (PAE)(KHP)</u>

Dear Judge Parker:

     As the Court knows, Borrelli & Associates, P.L.L.C. ("B&A" or "the Firm") currently represents Plaintiffs Bueno and Rivera, the only remaining Plaintiffs, in the above referenced action arising under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), against Allcity Medical, P.C. ("Allcity"), Hispanic Medical Health, P.C. ("HMH"), K. Zark Medical, P.C. ("K. Zark"), Konstantinos Zarkadas, M.D. ("Zarkadas"), individually, and Yan Feldman ("Feldman"), individually.  Pursuant to Local Rule 1.4 of United States District Courts for the Southern and Eastern Districts of New York and Rule III(d) of Your Honor's Individual Rules of Practice in Civil Cases, B&A submits this letter motion: (1) to withdraw as attorneys of record for Plaintiffs; (2) for permission to submit the reasons for the motion via an *ex parte* letter sent *via* First Class Mail in order to comply with our ethical obligations and avoid compromising our clients' interests; and (3) for a stay of their claims to allow all Plaintiffs sufficient time to secure new representation should they choose to do so.

**<u>B&A Should Be Permitted to Provide the Reasons for Withdrawal Under Seal</u>**

     Courts in the Second Circuit routinely allow motions to withdraw to be filed under seal, as public filing of such motions would require disclosure of privileged communications and risk compromising the clients' interests. *See, e.g.*, *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp.

2d 164, 165 (E.D.N.Y. 2006) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.") (internal quotations omitted); *Payer v. The SGL Carbon, LLC*, 2006 WL 2714190, at *1 n. 4 (W.D.N.Y. September 22, 2006) (slip copy) (discussing motion to withdraw as counsel which was filed under seal "for obvious reasons").

**The Parties and the Court Will Not Be Prejudiced by the Requested Relief**

Motions to withdraw and for a stay of proceedings are generally granted where, as here, discovery has not been completed and the case has not been set for trial. *See, e.g., Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011). Moreover, Plaintiffs will not be prejudiced by B&A's motion to withdraw so long as they are afforded sufficient time to find replacement counsel. *See id.* (stay of proceedings "is an appropriate means of alleviating any possible prejudice.").

**B&A Is Not Asserting a Lien**

Without waiving any other rights it may have to collect fees from Bueno and Rivera for work previously performed defending their counterclaims, B&A is not asserting a retaining or charging lien in this proceeding, and will fully cooperate with the transfer of files to Plaintiffs or to any new counsel that they retain.

For the foregoing reasons, B&A respectfully requests that the Court: (1) relieve B&A as counsel for all remaining Plaintiffs; (2) allow B&A to submit an *ex parte* letter detailing its reasons for the withdrawal; and (3) stay Plaintiffs' claims for a reasonable amount of time, but no less than sixty days, to allow them to secure new representation.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Lauren R. Reznick, Esq.
*For the Firm*

C:  All Plaintiffs *via* first-class certified return receipt, and electronic mail
    Counsel for Appearing Defendants *via* ECF.