**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
RAFAEL BUENO, DAVID RIVERA, VIERIMOLINA,
DESTINY DOMINGUEZ, AMADA REYNOSO,
JANE DOE I-X, JOHN DOEI-X,

                                    Plaintiffs,

       -against-

ALLCITY MEDICAL, P.C., ALLA B. BUZINOVER, M.D.,
HISPANIC MEDICAL HEALTH, P.C., K. ZARK MEDICAL,
P.C., KONSTANTINOS ZARKADAS, and YAN FELDMAN,

                                    Defendants.
------------------------------------------------------------------X

**22-CV-2216 (JGLC) (KHP)**

**OPINION AND ORDER
ON MOTION TO WITHDRAW**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Before the Court is a motion by Borelli & Associates, P.L.L.C. ("B&A") and Laura R. Reznick, to withdraw as counsel for the remaining Plaintiffs in this action – Rafael Bueno and David Rivera - and for a stay of Plaintiffs' claims to allow time for Plaintiffs to secure new representation. (ECF No. 138.)  For the reasons stated below, the motion to withdraw is GRANTED and the motion for a stay is DENIED.

## RELEVANT FACTS

This case was initiated on March 17, 2022 by a group of physicians' assistants and other individuals who worked in medical offices and contend that they were not paid minimum wage and overtime in accordance with federal and state law.  Plaintiffs were initially represented by Jaazaniah Asahguii, formerly employed by B&A.  On August 2, 2022, Alexander Todd Coleman and Michael John Borrelli, both attorneys with B&A, entered their appearances on behalf of Plaintiffs.  On October 18, 2022, Ms. Reznick entered her appearance on behalf of Plaintiffs and

acted as the lead attorney on the case.  On March 7, 2023, the Court dismissed claims brought by several Plaintiffs.  (ECF No. 89.)

In April 2023, Asahguii was permitted to withdraw as counsel after leaving B&A.  In May 2023, B&A sought to withdraw as counsel for all Plaintiffs except for Plaintiffs Bueno and Rivera.  The Court permitted B&A to withdraw as counsel for Plaintiff Amada Reynoso but denied the request to withdraw as counsel for the remaining Plaintiffs.  (ECF No. 111.)  Plaintiff Reynoso was subsequently dismissed from the case for failure to prosecute and the remaining Plaintiffs (other than Plaintiffs Bueno and Rivera) voluntarily dismissed their remaining claims.  At this point, the only claims remaining are those brought by Plaintiffs Bueno and Rivera against Defendants Yan Feldman; Allcity Medical P.C.; Hispanic Medical Health PC; Konstantinos Zarkadas; and K. Zark Medical, P.C., and counterclaims asserted by some Defendants against Plaintiffs Bueno and Rivera.

On June 29, 2023, the Court set the deadline to complete all discovery as December 14, 2023.  On September 13, 2023, the Court held a Case Management Conference with the parties at which both Plaintiffs and Defendants complained of discovery deficiencies from the other side.  Ms. Reznick advised the Court that her firm was experiencing a break-down in the attorney-client relationship with Plaintiffs Bueno and Rivera, which was contributing to certain discovery delays, but ensured the Court that her firm was continuing to meet its discovery obligations to the best of its ability.  The Court advised Ms. Reznick that in light of the delays that had already occurred in this case and the fact that the discovery deadline was approaching, any motion to withdraw by Plaintiff's counsel should be filed by September 29, 2023 and any motion to compel discovery should be filed by October 5, 2023.  (ECF No. 129.)  At the request

of the parties, the Court subsequently extended those deadlines to October 12 and October 19, 2023, respectively.  (ECF No. 133.)

On October 12, 2023, B&A submitted a motion to withdraw and supporting papers to the Court, and subsequently filed the motion on the docket.  (ECF No. 138.)  With the Court's permission, B&A did not file the supporting papers on the docket in order to protect the attorney-client privilege.  The motion presents three reasons for withdrawal: **(1)** Plaintiff Bueno expressed his intent to terminate B&A's representation on behalf of both Plaintiffs; **(2)** the firm's relationship with Plaintiffs has broken down; and **(3)** Plaintiffs have failed to pay the outstanding fees and expenses owed to B&A.   B&A represents that it is not asserting any lien.  Defendants do not object to the motion to withdraw but request that any stay granted be "the shortest possible."  (ECF No. 139.)

## DISCUSSION

1. **Motion to Withdraw**

Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

> An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

S. & E.D.N.Y.R. 1.4.

The decision to grant or deny a motion to withdraw is within the district court's discretion.  In making the determination, the Court should consider (i) the reasons for withdrawal, and (ii) the impact of the withdrawal on the timing of the proceeding. *Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (citing S. & E.D.N.Y.R. 1.4).

In this case, all three reasons presented by B&A for withdrawal are sufficient reasons for withdrawal. To start, it is evident from the supporting papers submitted by B&A that Plaintiff Bueno has terminated the relationship with B&A on behalf of himself and Rivera and that he has already engaged new counsel. Such action is a ground for mandatory withdrawal under Rule 1.16(b)(3) of the New York Rules of Professional Conduct. *See* 22 N.Y.R.C.C. § 1200.0; *see also City Merch. Inc. v. Tian Tian Trading Inc.*, 2021 WL 119075, at *3 (S.D.N.Y. Jan. 13, 2021). Under these circumstances, denying B&A's Motion and requiring it to continue its representation "would be forcing an attorney to violate ethical duties and possibly to be subject to sanctions." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999).

Even if Plaintiff Bueno had not terminated the representation, it is clear that the attorney-client relationship between both remaining Plaintiffs and B&A has broken down such that granting the withdrawal is appropriate. *See, e.g. Karimian*, 2011 WL 1900092 at *2 (a breakdown in the attorney-client relationship is sufficient reason to permit withdrawal even where the source of the breakdown is disputed and the client opposes the motion to withdraw); *Benvenisti v. City of New York*, 2006 WL 44039, at *1 (S.D.N.Y. Jan. 6, 2006) (finding that where the attorney-client relationship has broken down, "termination of the relationship would be in the best interest of both" the client and the attorney).

Finally, Plaintiffs' failure to pay their bills is sufficient reason to permit withdrawal. *See White v. Advanced Cardiovascular Diagnostics, PLLC*, 2023 WL 2163777, at *3 (E.D.N.Y. Feb. 22, 2023) (explaining that it is "clearly appropriate" to permit an attorney to withdraw where the client deliberately disregards its obligation to pay attorney's fees).

While B&A has provided satisfactory reasons for withdrawal, the Court must also consider the impact of withdrawal on the proceeding and whether the prosecution of the suit is

likely to be disrupted by the withdrawal of counsel. *Whiting*, 187 F.3d at 320-21. Where, as here, discovery has not yet closed and the case is not "on the verge of trial readiness," prejudice is unlikely to be found. *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 WL 672245, at *2 (S.D.N.Y. Feb. 17, 2011) (citation omitted). Although this case has been pending for some time, discovery is still under way and no trial has been scheduled. Plaintiffs also have apparently already engaged new counsel. Accordingly, the impact of the withdrawal on the case will not be particularly disruptive and this does not present a reason to deny the motion. *See Karimian*, 2011 WL 1900092, at *3 (although discovery was substantially complete and a trial had been scheduled, finding that the posture of the case did not require that the motion to withdraw be denied).

Accordingly, B&A's motion to withdraw is GRANTED. Because the firm is not asserting any lien, it shall turn over all relevant files to Plaintiffs **by no later than October 23, 2023** so that Plaintiffs can prosecute the case themselves or turn over the files to their new counsel.

### 2. Motion for a Stay

Plaintiffs seek a stay of 60 days to allow them time to find replacement counsel. Courts often find it appropriate to grant a short stay in order to alleviate any possible prejudice to the client whose counsel is withdrawing and allow the client time to find new counsel. *See Karimian*, 2011 WL 1900092, at *4. However, based on the supporting papers submitted by B&A in connection with their motion, it is evident that Plaintiffs have already retained new counsel. In any event, Plaintiffs have apparently known of the breakdown in the attorney-client relationship since at least September 13, 2023, and thus have had sufficient time to look for new counsel. Moreover, Plaintiffs have already caused substantial delays in this action, including by requesting multiple extensions of deadlines, many of which were apparently

required as a result of Plaintiffs' failures to communicate effectively with counsel, including numerous extensions of time to amend the Complaint.

Accordingly, the Court does not find it necessary or useful to stay this case to allow Plaintiff time to find new counsel, and the motion to stay the case is DENIED.  *See Delgado v. Donald J. Trump for President, Inc.*, 2023 WL 5425504, at *3 (S.D.N.Y. Aug. 23, 2023) (granting counsel's motion to withdraw but denying request for a stay where the plaintiff represented that she would not be able to find counsel and would proceed pro se).

**However, because of the disruption caused by this Motion, the deadline for the parties to file any motion to compel discovery is extended to Friday, October 27, 2023.**  That deadline will not be extended further absent a good cause showing that is unrelated to this motion.

Plaintiffs' new counsel should immediately enter an appearance on the docket.  Until Plaintiffs' new counsel enters their appearance, Plaintiffs will be considered as acting pro se (i.e. representing themselves) and will be responsible for communicating with the Court, meeting Court deadlines, attending Court conferences, and participating in discovery.  Plaintiffs shall familiarize themselves with the resources for pro se litigants available on the Court's website at https://www.nysd.uscourts.gov/prose.  Plaintiffs shall immediately provide their contact information to the Pro Se Intake Unit so that the Court can communicate with them.  Plaintiffs are advised that there is a free legal clinic, the New York Legal Assistance Group, that is available to help pro se litigants in this Court.  Information about the clinic is available at https://nylag.org/.

## CONCLUSION

For the foregoing reasons, the motion to withdraw is GRANTED and the motion for a stay is DENIED.

**A Case Management Conference is scheduled on <u>Wednesday, November 8, 2023 at 2:15 p.m.</u>** in Courtroom 17-D, U.S. Courthouse, 500 Pearl Street, New York, NY. In the event counsel for Plaintiffs has not made an appearance by that time, Plaintiffs Bueno and Rivera shall attend the conference in person.

**B&A is directed to immediately serve this Order on both Plaintiffs at their last known email and mailing addresses and file proof of service with the Court. B&A is also directed to provide the Court with Plaintiffs' last known address.**

After filing this Order, the Clerk of the Court is respectfully directed to terminate the motion at ECF No. 138 and to terminate Laura R. Reznick, Alexander Todd Coleman, and Michael John Borrelli as counsel of record for Plaintiff, and to represent on the docket that Plaintiffs are proceeding pro se.

    SO ORDERED.

DATED:    New York, New York  
           October 17, 2023                     KATHARINE H. PARKER  
                                                          United States Magistrate Judge