# DELLA MURA & CIACCI LLP
ATTORNEYS AND COUNSELLORS AT LAW
981 ALLERTON AVENUE
BRONX, NEW YORK 10469

WALTER F. CIACCI
PETER DELLA MURA

PAUL D. GENTILE

TELEPHONE (718) 405-1500
FACSIMILE  (718) 405-2500

JOSEPH BOVE
OF COUNSEL

JOSEPH A. PROVENZA
OF COUNSEL

November 30, 2023

Hon. Katharine H. Parker
United States Magistrate Judge
United State District Court
500 Pearl Street, Room 750
New York, New York 10007

    Re:   *Rafael Bueno, et al. v. Allcity Medical, P.C., et al.*
          *S.D.N.Y. Case No.: 22-cv-2216 (PAE)(KHP)*

Dear Magistrate Judge Parker:

We are counsel to Plaintiffs in the above-referenced matter. I write, along with Defendant's counsel, to respectfully request that the Court approve the parties' settlement agreement as a fair and reasonable resolution of a bona fide dispute in accordance with, *inter alia*, the Fair Labor Standards Act.

The parties respectfully request that the Court retain jurisdiction to enforce the terms of this Settlement Agreement and to reflect such retention in its order of dismissal. Such retention is expressly agreed to by the parties in their agreement, and through this submission.

The parties have agreed to a negotiated Settlement Agreement (the "Agreement"). The proposed Agreement is attached hereto as **Exhibit A.** I therefore ask the Court to approve the settlement pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (U.S. 2016).

By way of background, after various motions and submissions to the Court, the remaining parties are Plaintiffs Bueno and Rivera and Defendants Allcity and Feldman. Plaintiffs filed this

## DELLA MURA & CIACCI LLP

action alleging claims for failure to pay wages, unpaid minimum wages under the FLSA, NYLL and NYCRR, unpaid overtime under the FLSA, NYLL and NYCRR, failure to maintain accurate wage statements and wage notices and failure to pay wages timely under the FLSA and NYLL. Defendant Allcity filed counterclaims against Plaintiffs for breach of contract, negligence, violation of NY GBL § 349, misappropriation of trade secrets, permanent injunction and contractual attorneys' fees.

The parties represent to the Court that while Plaintiffs believe that the settlement amount is less than what the Plaintiff would be entitled to if they prevailed on all of their claims at trial, the settlement is fair, as discussed herein.

### **Background**

Plaintiffs allege they were physician assistants working for the Defendants, who operated medical offices. Plaintiffs allege that in October 2019 they signed employment contracts with Defendants. Plaintiffs allege that from November 2019 through the end of their employment in December 2021, they were paid late for each pay period. Plaintiffs allege that they also were not provided accurate wage statements. Plaintiffs allege that they also were not permitted to properly utilize their vacation time. As a result, Rivera alleges he is entitled to payment of approximately $10,000.00 and Bueno alleges he is entitled to payment of approximately $15,000.00.

Defendants dispute all of the allegations of the Plaintiffs. Defendants allege that they are entitled to damages for the breach of contract and breach of confidentiality in an amount of no less than $250,000.

Given the potential range of Plaintiffs recovery and Defendants potential recovery, the manner in which the claims of each party may or may not be endorsed by a trier of fact after trial, or by a judge if it is determined that the manner in which damages are to be calculated is a matter

## DELLA MURA & CIACCI LLP

of law, the parties believe they have reached a proper and equitable settlement.

Plaintiffs are fully aware that their claims would or could be worth more than the settlement. After carefully explaining the options going forward and the risks of protracted litigation combined with the speculative probabilities for any recovery as well as the nature of the counterclaims, Plaintiffs have chosen to accept the settlement.

### Settlement

The parties have agreed to settle this action for the total sum of $0, with each of the parties walking away from their claims against the other.

### Fairness

"In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Cheeks v. Freeport, (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiffs. Plaintiffs have been represented by experienced counsel throughout this lawsuit and they have made an informed decision to settle the action at this stage of litigation without the risk of a contrary finding of fact at trial on either their claims or

## DELLA MURA & CIACCI LLP

Defendants' counterclaims.

Moreover, courts often recognize that settling a claim sooner rather than later is often valuable in its own right. **See** Reyes v. Buddha-Bar NYC, No. 08 Civ. 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (approving FLSA settlement and discussing how "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.").

### Extended Administration

There is no requirement for any extended administration.

### Attorneys' Fees Are Fair and Reasonable

No attorneys' fees are being awarded.

Here, Plaintiffs were able to obtain a satisfactory outcome against experienced defense counsel.

The parties thank the Court for its review of this submission.

Respectfully Submitted,

Walter F. Ciacci, Esq.

wfc/lc
cc.:   Leo L. Esses, Esq.
       The Esses Law Group, LLC